# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY L. STRADER, SR. et al., | ) | CASE NO. SA CV 15-1973 FMO (AFMx) |
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| PHH CORPORATION, et al. | ) | |
| Defendants. | ) | |

Having reviewed all the briefing filed with respect to defendants' Joint Motion of all Defendants to Dismiss Amended Complaint ("Motion"), the court concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Given the policy favoring amendment of complaints, see Fed. R. Civ. P. 15(a)(1), the court will grant defendants' Motion and dismiss plaintiffs' Amended Class Action Complaint for Violations of § 8(a) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(a) with leave to amend. In preparing the Second Amended Complaint, plaintiffs shall carefully evaluate the contentions set forth in defendant's Motion, including the contentions regarding the statute of limitations and equitable tolling. The court expects that defendants will agree to any amendment(s) that will cure the alleged defect(s).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss **(Document No. 46)** is **granted**, and the hearing on defendants' Motion, currently set for April 14, 2016, is hereby **vacated**.

2. The Amended Class Action Complaint for Violations of § 8(a) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(a) is **dismissed with leave to amend**.

3. If plaintiffs still wish to pursue this action, they are granted until **April 21, 2016**, to file a Second Amended Complaint attempting to cure, to the extent they believe is warranted by existing law, the alleged defects outlined in defendants' Motion.

4. The Second Amended Complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 15-1973 FMO (AFMx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

5. Plaintiffs are cautioned that failure to timely file a Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to

comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

      6.     Defendants shall file their Answer(s) to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **May 12, 2016**.

      7.     In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **April 28, 2016, at 10:00 a.m.**[1] meet and confer to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

      8.     The court cautions the parties that it may decline to consider any materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). The parties should carefully evaluate whether any referenced materials are properly subject to judicial notice and appropriate in connection with a Rule 12(b) motion.

Dated this 5th day of April, 2016.

                                                       /s/
                                            Fernando M. Olguin
                                       United States District Judge

---

[1] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.