WENDY J. WILDUNG (pro hac vice)
*wendy.wildung@FaegreBD.com*
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Tel.: 612.766.7000
Fax: 612.766.1600

CALVIN L. LITSEY (SBN 289659)
*calvin.litsey@FaegreBD.com*
**FAEGRE BAKER DANIELS LLP**
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Tel.: 650.324.6700
Fax: 650.324.6701

Attorneys for Defendants:
REALOGY HOLDINGS CORP;
REALOGY GROUP LLC; REALOGY
INTERMEDIATE HOLDINGS LLC;
TITLE RESOURCE GROUP LLC;
WEST COAST ESCROW COMPANY;
TRG SERVICES ESCROW, INC.;
EQUITY TITLE COMPANY; NRT
LLC; REALOGY SERVICES GROUP
LLC; and REALOGY SERVICES
VENTURE PARTNER LLC

[ADDITIONAL COUNSEL LISTED IN
SIGNATURE BLOCK]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY L. STRADER, SR. and SUSAN M. STRADER, as trustees of the T/S STRADER FAMILY TRUST, and LESTER L. HALL, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHH CORPORATION, a Maryland corporation; REALOGY HOLDINGS CORP., a Delaware corporation; PHH | Case No. 8:15-CV-01973-FMO-AFM<br><br>**REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION OF ALL DEFENDANTS TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:   July 14, 2016<br>Time:   10:00 a.m.<br>Dept:   22<br><br>Judge: Hon. Fernando M. Olguin |

US.106976600.05

1  MORTGAGE CORPORATION, a
   New Jersey corporation; PHH HOME
2  LOANS LLC, a Delaware limited
   liability company; RMR FINANCIAL,
3  LLC, a California limited liability
   company; NE MOVES MORTGAGE
4  LLC, a Massachusetts limited liability
   company; PHH BROKER PARTNER
5  CORPORATION, a Maryland
   corporation; REALOGY GROUP
6  LLC, a Delaware limited liability
   company; REALOGY
7  INTERMEDIATE HOLDINGS LLC,
   a Delaware limited liability company;
8  TITLE RESOURCE GROUP LLC, a
   Delaware limited liability company;
9  WEST COAST ESCROW
   COMPANY, a California corporation;
10 TRG SERVICES ESCROW, INC., a
   Delaware corporation; EQUITY
11 TITLE COMPANY, a California
   corporation; NRT LLC, a Delaware
12 limited liability company; REALOGY
   SERVICES GROUP LLC, a Delaware
13 limited liability company; REALOGY
   SERVICES VENTURE PARTNER
14 LLC, a Delaware limited liability
   company,
15
   Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

ii

# TABLE OF CONTENTS

**I.**    This Court Should Apply *Menominee* To Determine Whether Plaintiffs Have Stated A Plausible Claim To Equitable Tolling. .......................................4

    **A.**    *Menominee* involved a civil statutory claim, and its two-part test applies equally to Plaintiffs' civil statutory claim....................................5

    **B.**    *Merritt* must be interpreted consistently with *Menominee*......................7

**II.**    Plaintiffs Have Yet Again Failed To Identify Any Diligent Pursuit Of Their Rights Or Any Extraordinary Circumstance That Prevented Them From Timely Filing. ...................................................................9

    **A.**    In this case alleging improper referrals, Plaintiffs did not act diligently when they took no affirmative steps to inquire whether the referrals they allege were improper....................................9

    **B.**    Plaintiffs do not even attempt to identify an extraordinary circumstance that prevented them from timely filing. ..........................12

**III.**    Plaintiffs Have Not Alleged That Certain Defendants Gave Or Received Anything Of Value, And Those Defendants Should Be Dismissed. .......................................................................14

REPLY IN SUPPORT OF MOTION TO DISMISS TAC

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*ASARCO, LLC v. Union Pac. R. Co.*,
  765 F.3d 999 (9th Cir. 2014).................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................4, 14

*Brazil v. Ark. Dept. of Human Servs.*,
  No. 5:15-cv-253, 2016 WL 451351 (E.D. Ark. Feb. 4, 2016) ............................6

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011)...............................................................14

*Chiaramonte v. Santa Cruz Big Trees & Pac. Ry. Co.*,
  325 F. App'x 575 (9th Cir. 2009) .......................................................12

*Conmar Corp. v. Mitsui & Co. (U.S.A.)*,
  858 F.2d 499 (9th Cir. 1988)...............................................................10

*Credit Suisse Secs. (USA) LLC v. Simmonds*,
  132 S. Ct. 1414 (2012) ....................................................................8, 10

*Gabelli v. S.E.C.*,
  133 S. Ct. 1216 (2013) ......................................................................6

*Galiano v. Fid. Nat'l Title Ins. Co.*,
  684 F.3d 309 (2d Cir. 2012)...............................................................14

*Garcia v. Brockway*,
  526 F.3d 456 (9th Cir. 2008)................................................................6

*Gavin v. Club Holdings, LLC*,
  No. 15-cv-175-RGA, 2016 WL 1298964 (D. Del. Mar. 31, 2016).....................6

*Haygood v. ACM Med. Lab., Inc.*,
  --- F. App'x ----, 2016 WL 944420 (2d Cir. Mar. 14, 2016)................................6

*Hinton v. Pac. Enters.*,
  5 F.3d 391 (9th Cir. 1993)....................................................................4

*Holland v. Florida*,
  560 U.S. 631 (2010) ........................................................................4, 5

*Hubbard v. Fid. Fed. Bank*,
    91 F.3d 75 (9th Cir. 1996).................................................................... 13

*Huseman v. Icicle Seafoods, Inc.*,
    471 F.3d 1116 (9th Cir. 2006)..................................................... 8, 12

*In re Comm. Bank of N. Va. Mortg. Lending Practices Litig.*,
    795 F.3d 380 (3d Cir. 2015).................................................................. 10

*Knauf Insulation, Inc. v. S. Brands, Inc.*,
    820 F.3d 904 (7th Cir. 2016).................................................................. 5

*Kontos v. United States*,
    No. 13-cv-01398 DDP, 2016 WL 2885862 (C.D. Cal. May 17, 2016)............... 5

*Lukovsky v. City & Cty. of San Francisco*,
    535 F.3d 1044 (9th Cir. 2008) ..................................................... 8, 10

*Lyons v. Michael & Assocs.*,
    --- F.3d ----, 2016 WL 3192623 (9th Cir. June 8, 2016)............................ 2, 6, 7

*Macauley v. Estate of Nicholas*,
    7 F. Supp. 3d 468, 487 (E.D. Pa. 2014) .............................................. 7

*McCarn v. HSBC USA, Inc.*,
    No. 1:12-CV-00375, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012) ........... 12, 13

*Menominee Indian Tribe of Wisconsin v. United States*,
    136 S. Ct. 750 (2016) ...........................................................passim

*Merritt v. Countrywide Financial Corp.*,
    759 F.3d 1023 (9th Cir. 2014) ............................................2, 7, 8, 9

*Miller v. Gammie*,
    335 F.3d 889 (9th Cir. 2003) (en banc) ........................................ 7, 8

*Minter v. Wells Fargo Bank*,
    279 F.R.D. 320 (D. Md. 2012) ........................................................ 10

*Minter v. Wells Fargo Bank*,
    No. 07-cv-3442, 2013 WL 1795564 (D. Md. Apr. 26, 2013) ........................... 10

*Munoz v. PHH Corp.*,
    No. 1:08-CV-00759, 2014 WL 3906484, at *6 (E.D. Cal. Aug. 11, 2014) ....... 11

*Perkins v. Johnson*,
    551 F. Supp. 2d 1246 (D. Colo. 2008)..................................................................7

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
    732 F. Supp. 2d 952 (N.D. Cal. 2010)...............................................................12

*Sneed v. McDonald*,
    819 F.3d 1347 (Fed. Cir. 2016)..........................................................................5

*Spears v. First Am. eAppraiseIt*,
    No. 5:08-CV-00868, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013)....................7

*Supermail Cargo, Inc. v. United States*,
    68 F.3d 1204 (9th Cir. 1995)..............................................................................4

*Thorman v. Am. Seafoods Co.*,
    421 F.3d 1090 (9th Cir. 2005) ............................................................................8

*Wallace v. Kato*,
    549 U.S. 384 (2007) .........................................................................................12

*White v. JRHBW Realty, Inc.*,
    No. 2:14-CV-01436-RDP, 2015 WL 5470245 (N.D. Ala. Sept. 16, 2015)........14

**FEDERAL STATUTES**

12 U.S.C. § 2614.................................................................................................3, 7

**RULES**

Federal Rule of Civil Procedure 12(h)(2).................................................................3

vi

# INTRODUCTION

On April 5, 2016, this Court dismissed Plaintiffs' Amended Complaint. (Dkt. 62 at 2.)  The Court instructed Plaintiffs to "carefully evaluate the contentions set forth in defendants' Motion, including the contentions regarding the statute of limitations and equitable tolling." (*Id.*)  The Court then provided Plaintiffs leave "to file a Second Amended Complaint attempting to cure … the alleged defects outlined in defendants' Motion." (*Id.*)

Since then, Plaintiffs have filed a Second Amended Complaint, and now a Third ("TAC").  But as Defendants explained in their opening brief, Plaintiffs have not cured their prior pleading defects.  In this case alleging improper referrals, Plaintiffs admit that they knew they were allegedly being referred for settlement services.  Despite this knowledge, they never once inquired of anyone involved in the transactions, then or thereafter, about the nature of those alleged referrals or the relationships implicitly underlying them.  In other words, they did not diligently pursue their alleged RESPA rights, and no extraordinary circumstance prevented them from doing so or from timely filing.

Tellingly, Plaintiffs' opposition brief makes little attempt either to address these defects or to explain how Plaintiffs' amendments allegedly cured them.  Instead, Plaintiffs reargue the legal issues that this Court has already decided, essentially asking the Court to reconsider its prior order, apply a different version of equitable tolling, and rewrite the one-year statute of limitations that applies to their RESPA claims.  That is reason enough for the Court to reaffirm its prior order and dismiss the TAC without leave to amend.  But Plaintiffs' arguments fail on their merits, too, for at least three reasons.

**First,** Plaintiffs agreed just three months ago that the Supreme Court's recent decision in *Menominee* governs this case.  In their prior opposition brief, Plaintiffs quoted and cited *Menominee* and acknowledged that they must sufficiently allege that (1) they diligently pursued their rights, ***and*** (2) that an extraordinary

circumstance prevented them from timely filing.  *See* 136 S. Ct. 750, 756 (2016).
But Plaintiffs now take the entirely new position that *Menominee*'s two-part test for
equitable tolling does ***not*** apply to non-habeas cases like this one.  And they
contend that the Court need not even ask whether Plaintiffs diligently pursued their
rights or an extraordinary circumstance stood in their way and prevented timely
filing.  The Court should reject Plaintiffs' about-face.  Whether in habeas cases or
civil cases, the proper standard is precisely what the Supreme Court applied in
*Menominee*—a civil case based on a federal statute, just like here—and precisely
what Plaintiffs conceded in their previous filings with this Court.

**Second,** Plaintiffs wrongly claim that two Ninth Circuit cases render
*Menominee* inapplicable in the specific context of RESPA claims.  One of those
cases (*Lyons*) deals solely with the federal discovery rule, not with equitable tolling,
and in fact never once mentions *Menominee*.  The other (*Merritt*) can and should be
read consistently with *Menominee* to allow for equitable tolling only when, despite
a plaintiff's due diligence, an extraordinary circumstance precludes any "reasonable
opportunity to discover" the basis for his claim.

Plaintiffs cannot meet that standard here.  Plaintiffs base their claim on
allegedly improper referrals.  But despite knowing about these referrals and the
relationships implicitly underlying them, Plaintiffs never inquired about the nature
of those relationships or the reasons for the referrals.  And no external
circumstance, extraordinary or otherwise, hindered any diligence or prevented
Plaintiffs from timely filing.  Plaintiffs simply did not inquire or investigate for
upwards of five years or more.  The "rare remedy" of equitable tolling requires far
more.

**Third,** with their substantive arguments exhausted, Plaintiffs suggest that
adopting Defendants' argument would frustrate the purposes of RESPA by
"allowing Defendants to escape liability for the harm they inflicted on consumers."
To the contrary, what would frustrate the purposes of RESPA is granting Plaintiffs

the extraordinary relief they seek. Plaintiffs ignore the fact that they are alleging a right that Congress created and deliberately subjected to an express one-year limitations period. *See* 12 U.S.C. § 2614. Plaintiffs also ignore the fact that they did not file their claims within this statutory period, or for up to half a decade or more thereafter.[1] As a result, this motion has nothing to do with whether some consumer, somewhere, can seek and obtain RESPA relief when he meets the conditions established in the statute. It is whether ***these*** Plaintiffs, on ***these*** facts, can plausibly allege that RESPA's express one-year statute of limitations should be equitably tolled as to ***them***. Under this standard, and for all the reasons Defendants have explained previously, Plaintiffs have again failed to plead a plausible claim to equitable tolling.

This Court has already dismissed Plaintiffs' facially time-barred claims once. But rather than addressing the holes in their previous complaints, Plaintiffs have opted instead to argue for a different legal standard that is at odds with RESPA's statutory limitations period and the case law on equitable tolling. In reality, nothing of substance has changed since the Court dismissed Plaintiffs' claims previously. And nothing will change if Plaintiffs get another opportunity to amend, because counsel for Plaintiffs has admitted that Plaintiffs have no additional diligence to plead. Plaintiffs' claims should be dismissed without leave to amend.

## ARGUMENT

Plaintiffs again concede that they did not bring their claims within one year of their respective loan closings and that their claims are therefore time-barred absent the application of equitable tolling. As a result, Defendants have carried their burden of demonstrating an affirmative defense that is apparent on the face of

---

[1] Plaintiffs' claim (Opp. 9) that Defendants have somehow conceded that Plaintiffs have stated a claim on the merits is inaccurate, and contrary to Federal Rule of Civil Procedure 12(h)(2). Equally baseless is Plaintiffs' claim that Defendants are attempting to stonewall reasonable discovery. Defendants are complying with their discovery obligations and to date have produced over 35,000 pages of documents.

the complaint.  *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).  And Plaintiffs now bear the burden of alleging facts sufficient to invoke equitable tolling.  *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

Plaintiffs suggest that they can meet this burden under the Ninth Circuit's former "no-set-of-facts" standard.  (Opp. 8 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).) [2]  But that standard did not survive *Twombly*, *see Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009), and Plaintiffs must now meet *Twombly*'s plausibility standard.  They cannot do so.

## I.    This Court Should Apply *Menominee* To Determine Whether Plaintiffs Have Stated A Plausible Claim To Equitable Tolling.

Three months ago, Plaintiffs argued that the two elements set forth in *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750 (2016), provided the correct legal standard for resolving this motion.  Plaintiffs explained that *Menominee* reflected "the general doctrine of equitable tolling" (Dkt. 56 at 10); they structured their argument around satisfying *Menominee*'s two elements (*id.* at i, 11, 18); and they defined what they called the "extraordinary circumstances element of the equitable tolling doctrine" by citing and quoting *Menominee*.  (*See* Dkt. 56 at 18.)  Plaintiffs likewise relied on *Holland v. Florida*, 560 U.S. 631 (2010), to define and discuss each element of the Supreme Court's two-part test for equitable tolling. (*See* Opp. at 10, 11, 19 (citing and quoting *Holland*).)

Since then, this Court has rejected Plaintiffs' application of *Menominee* and *Holland* and dismissed Plaintiffs' complaint.  The Court granted leave to file an amended complaint so that Plaintiffs could attempt to correct their pleading deficiencies.  Plaintiffs have now filed a TAC, but it fails to resolve the deficiencies that Defendants previously identified.  Rather than addressing those deficiencies in their opposition, Plaintiffs instead have devised, and ask this Court to adopt, an

---

[2] For ease of reference, Defendants will cite their opening brief as "Mem." and Plaintiffs' opposition as "Opp."

1    entirely different legal standard than the one they advocated previously.  Plaintiffs

2    now claim that *Menominee* and *Holland* actually ***do not*** govern this case—their

3    previous representations notwithstanding—and that the Supreme Court's two-part

4    test described in those cases "is not applicable to Plaintiffs' RESPA claims."  (*See*

5    Opp. 16.)  Plaintiffs are wrong on both counts.

6         **A.    *Menominee* involved a civil statutory claim, and its two-part test**

7              **applies equally to Plaintiffs' civil statutory claim.**

8         According to Plaintiffs, the Supreme Court in *Menominee* "declined to

9    decide" whether the two-part test for equitable tolling "applied to *any* civil statutory

10   claims."  (Opp. 12.)  That is misleading, because *Menominee* itself ***involved a civil***

11   ***claim*** based on a federal statute (just as this case does).  Thus, while noting that it

12   previously had "never held that [*Holland*'s] equitable-tolling test necessarily

13   applies outside the habeas context," *id.* at 756 n.3,  the Court unambiguously

14   applied that same test to the plaintiff's civil statutory claim.  *See* 136 S. Ct. at 755–

15   56.  Further, Plaintiffs ignore the very next sentence of footnote 3:  "Nevertheless,

16   because we agree that [plaintiff] cannot meet *Holland*'s test, we have no occasion

17   to decide whether ***an even stricter test*** might apply to a nonhabeas case."  *Id.*

18   (emphasis added).  In other words, *Menominee* interpreted its two-part test as the

19   bare minimum that a civil litigant must show to establish equitable tolling.  If

20   Plaintiffs cannot satisfy *Menominee*, they cannot satisfy the "even stricter test" that

21   *Menominee* suggested might otherwise apply.

22        Plaintiffs' position not only contorts the context and holding of *Menominee*,

23   it also disregards how courts have interpreted *Menominee* in the five months since

24   that case was decided.  Indeed, courts routinely have relied on *Menominee* to define

25   the scope of equitable tolling in civil cases—including four federal Circuit courts

26   and a court in this District.  *See Kontos v. United States*, No. 13-cv-01398 DDP,

27   2016 WL 2885862, at *4 (C.D. Cal. May 17, 2016); *Knauf Insulation, Inc. v. S.*

28   *Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016); *Sneed v. McDonald*, 819 F.3d

1347, 1351 (Fed. Cir. 2016); *Haygood v. ACM Med. Lab., Inc.*, --- F. App'x ----, 2016 WL 944420, at \*1 (2d Cir. Mar. 14, 2016); *Farmer v. D & O Contractors, Inc.*, --- F. App'x ----, 2016 WL 672565, at \*4 (5th Cir. Feb. 18, 2016); *see also Gavin v. Club Holdings, LLC*, No. 15-cv-175-RGA, 2016 WL 1298964, at \*5–7 (D. Del. Mar. 31, 2016); *Brazil v. Ark. Dept. of Human Servs.*, No. 5:15-cv-253, 2016 WL 451351, at \*1 (E.D. Ark. Feb. 4, 2016).  By contrast, Plaintiffs do not identify even one court that has refused to apply *Menominee* in non-habeas contexts.

Given the dearth of authority supporting their newfound interpretation of *Menominee*, Plaintiffs do their best to manufacture such support.  According to Plaintiffs, the Ninth Circuit recently held that *Menominee* "does **not** apply to equitable tolling in consumer-protection cases."  (Opp. 10 (citing *Lyons v. Michael & Assocs.*, --- F.3d ----, 2016 WL 3192623, at \*2 (9th Cir. June 8, 2016)).)  Plaintiffs do not accurately represent the holding in *Lyons*.  *Lyons* had nothing to do with equitable tolling.  It applied and interpreted the federal discovery rule, a doctrine that the Ninth Circuit has consistently distinguished from equitable tolling. *See, e.g.*, *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008).  Given this context, it is not surprising that *Lyons* did not mention *Menominee*, much less hold that *Menominee* "does not apply" to consumer-protection cases alleging equitable tolling.  *Lyons* simply has nothing to do with *Menominee*.

*Lyons* also has nothing to do with this case.  Plaintiffs appear to suggest that the Court should apply the discovery rule discussed in *Lyons*.  (Opp. 10–11.)  But Plaintiffs conflate the discovery rule with equitable tolling.  *See Garcia*, 526 F.3d at 465 (noting that the two doctrines are "frequently confused").  The discovery rule prevents a claim from accruing and the limitations clock from starting "until the plaintiff has discovered his cause of action."  *Gabelli v. S.E.C.*, 133 S. Ct. 1216, 1221 (2013) (quotation marks omitted).  But equitable tolling does not prevent accrual of the claim; it only ***pauses*** a limitations clock that has already started.  *See Garcia*, 526 F.3d at 465.  Here, Congress specified precisely ***when*** RESPA's

limitations period begins running—on "the date of the occurrence of the violation," 12 U.S.C. § 2614— and not simply how long a plaintiff has to file suit *after* the limitations period begins running.  Because Congress tied the accrual of a claim to a particular event (here, the closing of a residential real-estate transaction), courts routinely hold that the discovery rule does not apply to RESPA claims.  *See Cunningham v. M&T Bank Corp.*, --- F.3d ----, 2016 WL 683372, at *4 (3d Cir. 2016); *Spears v. First Am. eAppraiseIt*, No. 5:08-CV-00868, 2013 WL 1748284, at *6 (N.D. Cal. Apr. 23, 2013); *Perkins v. Johnson*, 551 F. Supp. 2d 1246, 1254 (D. Colo. 2008); *see also Macauley v. Estate of Nicholas*, 7 F. Supp. 3d 468, 487 n.16 (E.D. Pa. 2014) ("[C]ourts across the country have refused to apply the discovery rule to RESPA claims.").

Try as they might, Plaintiffs cannot escape the requirements for equitable tolling laid out in *Menominee*.  As Plaintiffs put it three months ago, *Menominee* provides the "general doctrine of equitable tolling" for *all* civil claims, including this one.  (Dkt. 56 at 10.)  Because that is the law, the Court should apply *Menominee*'s two-part test to Plaintiffs' RESPA claims.

### B.   *Merritt* **must be interpreted consistently with** *Menominee*.

Plaintiffs fare no better with their reliance on *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023 (9th Cir. 2014).  Plaintiffs claim that because *Merritt* addressed equitable tolling specifically in a RESPA context, this Court should apply *Merritt* and disregard *Menominee* entirely.  Plaintiffs are wrong.

As an initial matter, Plaintiffs ignore the fact that when an intervening Supreme Court decision is "clearly irreconcilable" with Ninth Circuit precedent, district courts "should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled."  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  As Defendants explained previously (Mem. 19 n.13), to the extent *Merritt* (or any previous case) suggests that equitable tolling can apply even *absent* the elements of

1  diligence and/or extraordinary circumstances, it is "clearly irreconcilable" with
2  *Menominee* and has been "effectively overruled." *Miller*, 335 F.3d at 900.

3       But this Court need not reach that issue to grant Defendants' motion, because
4  *Merritt* can and should be read consistently with *Menominee*. The main issue in
5  *Merritt* was whether the RESPA limitations period was subject to equitable tolling
6  at all. The court held that the limitations period was not jurisdictional, and then
7  stated that it could be tolled "until the borrower discovers or had reasonable
8  opportunity to discover the violation." *See* 759 F.3d at 1036, 1040 (quotation
9  marks omitted). This language closely tracks the standard for tolling under the
10  separate doctrine of fraudulent concealment, sometimes called equitable estoppel.
11  *See, e.g.*, *Credit Suisse Secs. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1420 (2012)
12  (tolling based on fraudulent concealment "ceases when those facts are, or should
13  have been, discovered by the plaintiff"); *see also Lukovsky v. City & Cty. of San*
14  *Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (distinguishing between fraudulent
15  concealment and equitable tolling); *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d
16  1116, 1120–21 (9th Cir. 2006) (treating the doctrines separately). But Plaintiffs do
17  not allege tolling by fraudulent concealment, and they have never argued that they
18  meet the separate, more stringent test for proving it.[3] *See Thorman v. Am. Seafoods*
19  *Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005) (elements of fraudulent concealment).
20  And *Menominee* has recently clarified that when civil litigants allege equitable
21  tolling (not fraudulent concealment), they must show both that (1) they diligently
22  pursued their rights, and (2) some extraordinary circumstance prevented them from
23  timely filing. *See* 136 S. Ct. at 755–56. As a result, *Merritt* now stands for no
24  more than the proposition that equitable tolling may apply when, *despite* all due
25  diligence, an extraordinary circumstance forecloses any "reasonable opportunity" to
26
27  _____
28  [3] Indeed, Plaintiffs never opposed Defendants' first motion to dismiss on this basis
    (*see* Dkt. 46-1 at 15–17), and have never since raised the issue.

1   discover a RESPA claim.[4]

2       Plaintiffs have failed to meet this standard.  As explained below, as well as in

3   Defendants' opening brief, Plaintiffs were on notice of the alleged referrals and the

4   relationships implicitly underlying them, but they failed to act diligently and inquire

5   further.  Under *Merritt*, then, Plaintiffs had "reasonable opportunity" to discover the

6   facts underlying their alleged RESPA claims, but they simply did not diligently

7   pursue that opportunity and no extraordinary circumstance foreclosed them from

8   doing so.  Their claims should therefore be dismissed.

9   **II.    Plaintiffs Have Yet Again Failed To Identify Any Diligent Pursuit Of**

10  **Their Rights Or Any Extraordinary Circumstance That Prevented**

11  **Them From Timely Filing.**

12      When viewed under the appropriate legal standard, Plaintiffs' claim for

13  equitable tolling crumbles.  Plaintiffs again have failed to identify any allegation

14  sufficiently demonstrating that they diligently pursued their rights or that an

15  extraordinary circumstance prevented them from timely filing their claims.  Their

16  time-barred RESPA claims should therefore again be dismissed—and this time,

17  without leave to amend their complaint for a fourth time.

18      **A.    In this case alleging improper referrals, Plaintiffs did not act**

19  **diligently when they took no affirmative steps to inquire whether**

20  **the referrals they allege were improper.**

21      After the Court dismissed their First Amended Complaint, Plaintiffs pleaded

22  that they in fact acted diligently because they allegedly reviewed "documentation"

23  provided to them, as well as kept abreast of unidentified media reports.  As

24  Defendants have explained, this allegation is wholly inadequate.  Plaintiffs' RESPA

25  claims are based on allegedly improper referrals among Defendants.  Plaintiffs

---

26  [4] The facts as described in the *Merritt* opinion bear out this view:  despite the

27  defendant's failure to provide the documents that could have revealed the potential

    claims, the plaintiffs were diligent in requesting the documents for three years and

28  in otherwise pursuing their rights.  *See* 759 F.3d at 1028–29.

admit that they knew they were (allegedly) being referred for settlement services prior to closing.  Yet Plaintiffs do not allege even one affirmative step that they took to determine whether those alleged referrals were improper or to investigate the relationships implicit in those referrals.  This is not the "diligent pursuit" of the alleged RESPA rights on which Plaintiffs base this lawsuit.

Plaintiffs never address Defendants' argument directly, nor do they make any serious effort to distinguish the many cases cited by Defendants that highlight their lack of diligence.  They instead respond with two strawmen, neither of which is sufficient to overcome Plaintiffs' failure to allege diligent pursuit of their rights.

**First,** Plaintiffs are wrong to suggest that they did not ***need*** to undertake any affirmative inquiry once they allegedly reviewed their loan documents because no "facts exist[ed] that would excite the[ir] inquiry" any further.  (Opp. 17 (quoting *Conmar Corp. v. Mitsui & Co. (U.S.A.)*, 858 F.2d 499, 504 (9th Cir. 1988)).)  Each case that Plaintiffs cite for that proposition involved the doctrine of tolling based on fraudulent concealment.  (*See* Opp. 17–18 (citing *Conmar*, 858 F.2d at 504; *In re Comm. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 400–401 (3d Cir. 2015); *Minter v. Wells Fargo Bank*, 279 F.R.D. 320, 324 (D. Md. 2012)[5]).  As discussed above, the Ninth Circuit distinguishes between tolling based on fraudulent concealment/equitable estoppel and the equitable tolling Plaintiffs allege here.  *See generally Lukovsky*, 535 F.3d at 1051.  Tolling based on fraudulent concealment requires proof of a defendant's affirmative concealment sounding in fraud—a context inviting the kind of notice inquiry that Plaintiffs suggest here.  *See Credit Suisse*, 132 S. Ct. at 1420 (tolling based on fraudulent concealment "ceases when those facts are, or should have been, discovered by the plaintiff").  But Plaintiffs have never alleged or attempted to establish the strict requirements of

---

[5] Plaintiffs do not mention that the *Minter* court later reversed course and decertified the tolling class given the court's concerns about manageability and the individualized inquiry required for showing due diligence.  *See Minter v. Wells Fargo Bank*, No. 07-cv-3442, 2013 WL 1795564, at **3–4 (D. Md. Apr. 26, 2013).

fraudulent concealment.  Plaintiffs' reliance on authority discussing diligence in the fraudulent-concealment context carries no weight in this equitable-tolling context.

Even apart from these legal distinctions, however, Plaintiffs' argument fails on its own terms.  Plaintiffs *were* aware of facts sufficient to "excite the[ir] inquiry" and demand further diligence.  The entire point of Defendants' argument is that— by their own admission—Plaintiffs had sufficient knowledge that placed them on notice and required them to inquire further, beyond mere review of documents. Plaintiffs do not deny that (1) their claims revolve around allegedly improper referrals, and (2) they were aware they allegedly were being referred for settlement services.  As with the many cases that Defendants cited previously (*see* Mem. 13– 18), this knowledge required Plaintiffs to affirmatively inquire about the nature of, and reasons for, the alleged referrals, including any relationships between those parties. Plaintiffs made no effort to do so, which means that they did not diligently pursue the rights they now assert.

**Second,** Plaintiffs mischaracterize Defendants' argument when they claim that Defendants would require diligent homebuyers to examine the SEC filings of each company involved in the homebuying process.  Not so.  Defendants cited various SEC filings to show that (1) the information that Plaintiffs claim was "concealed" was in fact publicly available at all relevant times; and (2) Plaintiffs readily accessed and digested this information when they filed a complaint a mere 20 days after finally taking the time to diligently pursue their claims.  Defendants *do not* argue that Plaintiffs and other buyers must always investigate SEC filings to satisfy *Menominee*'s diligence requirement.

What Defendants argue—and Plaintiffs conspicuously ignore—is that once Plaintiffs knew they were allegedly being referred, diligence required them to do *something* beyond merely reviewing loan documentation.  But Plaintiffs instead did nothing:  not one email, not one telephone call, not one Internet search, and not one question to their real-estate broker, loan officer, or title agent.  *See Munoz v. PHH*

*Corp.*, No. 1:08-CV-00759, 2014 WL 3906484, at *6 (E.D. Cal. Aug. 11, 2014) (plaintiff took no diligence "other than reviewing loan documents"); *see also Huseman*, 471 F.3d at 1120–21 (plaintiff "did nothing to inquire about" his potential remedies); *Chiaramonte v. Santa Cruz Big Trees & Pac. Ry. Co.*, 325 F. App'x 575, 576 (9th Cir. 2009) (plaintiff failed to act "with any diligence to investigate whether he had a claim"); *cf. McCarn v. HSBC USA, Inc.*, No. 1:12-CV-00375, 2012 WL 5499433, at *6 (E.D. Cal. Nov. 13, 2012) (one investigatory telephone call was not sufficient to constitute diligent pursuit of RESPA rights).

This fact highlights the astonishing overbreadth of Plaintiffs' argument. Plaintiffs seek to toll RESPA's one-year limitations period for **10 years**, and in the process, obtain 10 years or more of costly, burdensome discovery from a vastly overbroad list of Defendants (*see* Mem. 22–23). And Plaintiffs hope to obtain this remarkable relief by alleging little more effort on their part than reviewing contractual documents during the homebuying process. This is not diligence. Indeed, the law places upon *every* party "a duty to read the terms of a contract before signing." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 965 (N.D. Cal. 2010). The "rare remedy" of equitable tolling, *Wallace v. Kato*, 549 U.S. 384, 396 (2007), requires far more than these most basic of steps. Plaintiffs' lack of diligence dooms their equitable-tolling claim.

## B. Plaintiffs do not even attempt to identify an extraordinary circumstance that prevented them from timely filing.

As Defendants have explained, the element of extraordinary circumstances is an independent prerequisite to an equitable-tolling claim. But Plaintiffs do not even attempt to show that they have satisfied this element. In fact, the phrase "extraordinary circumstances" appears only once in their brief, in the introduction, and they make virtually no effort to distinguish the many cases that reject their theory. Because they cannot show extraordinary circumstances, Plaintiffs' equitable-tolling claim must be dismissed.

Although they do not say so, Plaintiffs appear to base their extraordinary circumstances argument on their assertion that "Defendants actively concealed their scheme from public scrutiny." (Opp. 16.) To support that assertion, Plaintiffs again point to the same series of events referenced in the TAC. (*See* Opp. 15–16.) Plaintiffs' timeline is highly selective and misleading, for all the reasons Defendants explained previously. (*See* Mem. 16–18.) But more importantly, it is wholly irrelevant to the outcome of this motion. Plaintiffs do not dispute that from the outset they knew they were allegedly referred. They also do not dispute that various forms of inquiry, including the documents that they relied upon to file suit, were available at all relevant times before the series of events in 2015 that they cite. Those documents—as well as other, more direct inquiries—thus were never "beyond [Plaintiffs'] control" for purposes of the extraordinary circumstances element. *Menominee*, 136 S. Ct. at 756; *see also Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (no tolling where "nothing prevented [plaintiff]" from further investigation). Nor do Plaintiffs make any serious effort to distinguish the multiple cases in this Circuit holding that "an alleged complex and self-concealing" scheme does "not constitute extraordinary circumstances." *See, e.g.*, *Munoz*, 2014 WL 3906484, at *7; *see also McCarn,* 2012 WL 5499433, at *6. In light of these cases, as well as *Menominee*, Plaintiffs cannot show that they faced an extraordinary circumstance that prevented them from filing their RESPA claims within one year of their transactions.

\*       \*       \*

Plaintiffs have again failed to support their claim to equitable tolling with allegations that are legally sufficient under *Menominee*. Their own allegations show that, despite knowing of the allegedly improper referrals of which they now complain, Plaintiffs never inquired further about the nature of those referrals and the relationships implicitly underlying them, and no extraordinary circumstance prevented them from doing so. By the admission of their own counsel (*see* Mem.

13

2), Plaintiffs have no more diligence left to plead.  The Court should therefore dismiss Plaintiffs' untimely RESPA claims with prejudice and deny Plaintiffs the opportunity to amend their complaint for a fourth time.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

**III.  Plaintiffs Have Not Alleged That Certain Defendants Gave Or Received Anything Of Value, And Those Defendants Should Be Dismissed.**

To state a claim under RESPA § 8(a), a plaintiff must adequately plead: "(1) a payment or thing of value was exchanged, (2) pursuant to an agreement to refer settlement business, and (3) there was an actual referral."  *See, e.g.*, *Galiano v. Fid. Nat'l Title Ins. Co.*, 684 F.3d 309, 314 (2d Cir. 2012).  Furthermore, "[t]here must be some connection between the thing of value given and received and the agreement to refer business to allege a violation of RESPA."  *White v. JRHBW Realty, Inc.*, No. 2:14-CV-01436-RDP, 2015 WL 5470245, at *2 (N.D. Ala. Sept. 16, 2015) (citing *Galiano*, 684 F.3d at 314).

Here, Plaintiffs must allege that each Defendant gave or received something of value in exchange for referring either Hall or the Straders.  Plaintiffs try to evade this pleading requirement by making generic allegations against groups of Defendants, but such pleading practices are insufficient.  *See Iqbal,* 556 U.S. at 678.  Further, the cases cited by Plaintiffs are inapposite.  For example, citing to *Vought v. Bank of America*, Plaintiffs argue that a parent corporation could be held liable for a RESPA violation when it "closely influenced" the subsidiary.  (Opp. 23 (citing 2010 WL 4683599, at *4 (C.D. Ill. Sept. 24, 2010).)  But even if that were true, Plaintiffs have not alleged that any Defendant closely influenced the subsidiaries.  (*See* TAC ¶ 38 (admitting that Plaintiffs do not know the "roles and relationships" of the Realogy entities).)  Because Plaintiffs did not allege that RMR, NE Moves, NRT, Realogy Holdings, Realogy Intermediate, or Realogy Group gave or received anything of value in exchange for referring either of the Plaintiffs' transactions, the Court should dismiss those six Defendants.

14

1

## CONCLUSION

2      For the foregoing reasons, Defendants respectfully request that the Court

3  dismiss Plaintiffs' claims with prejudice and without leave to amend.

4

5                                          Respectfully submitted,

6  Dated:  June 30, 2016                   /s/  Wendy J. Wildung
                                           WENDY J. WILDUNG (pro hac vice)
7                                          *Wendy.Wildung@FaegreBD.com*
                                           **FAEGRE BAKER DANIELS LLP**
8                                          2200 Wells Fargo Center
                                           90 South Seventh Street
9                                          Minneapolis, MN  55402-3901
                                           Tel.: 612.766.7000
10                                         Fax: 612.766.1600
11

12                                         CALVIN L. LITSEY (SBN 289659)
13                                         *Calvin.Litsey@FaegreBD.com*
                                           **FAEGRE BAKER DANIELS LLP**
14                                         1950 University Avenue, Suite 450
                                           East Palo Alto, CA  94303
15                                         Tel:  650.324.6700
                                           Fax:  650.324.6701
16

17

18                                         Attorneys for Defendants: REALOGY
                                           HOLDINGS CORP; REALOGY GROUP
19                                         LLC; REALOGY INTERMEDIATE
                                           HOLDINGS LLC; TITLE RESOURCE
20                                         GROUP LLC; WEST COAST ESCROW
                                           COMPANY; TRG SERVICES ESCROW,
21                                         INC.; NRT LLC; REALOGY SERVICES
22                                         GROUP LLC; and REALOGY SERVICES
                                           VENTURE PARTNER LLC
23

24

25

26

27

28

1

2
Dated: June 30, 2016        /s/ Mitchel H. Kider ** *with permission*

3
MITCHEL H. KIDER (SBN 116479)
*kider@thewbkfirm.com*

4
DAVID M. SOUDERS (pro hac vice)
*souders@thewbkfirm.com*

5
MICHAEL Y. KIEVAL (pro hac vice)
*kieval@thewbkfirm.com*

6

7
**WEINER BRODSKY KIDER PC**
1300 19th Street NW, 5th Floor

8
Washington DC 20036
Tel.: 202.628.2000

9
Fax: 202.628.2011

10

11
JOEL A. SCHIFFMAN (SBN 90138)
*schiffman@thewbkfirm.com*

12
**WEINER BRODSKY KIDER PC**
300 Spectrum Center Drive, Suite 400

13
Irvine, CA 92618
Tel.: 949.754.3010

14
Fax: 202.628.2011

15

16
Attorneys for Defendants:
PPH CORPORATION; PHH MORTGAGE

17
CORPORATION; and PHH BROKER
PARTNER CORPORATION

18

19

20

21

22

23

24

25

26

27

28

Dated:  June 30, 2016                                    /s/ David L. Permut ** *with permission*
                                                        THOMAS M. HEFFERON (pro hac vice)
                                                        *theffeon@goodwinprocter.com*
                                                        DAVID L. PERMUT (pro hac vice)
                                                        *dpermut@goodwinprocter.com*
                                                        **GOODWIN PROCTER LLP**
                                                        901 New York Avenue NW
                                                        Washington, DC 20001
                                                        Tel.: 202.346.4000
                                                        Fax.: 202.346.4444

                                                        STEVEN A. ELLIS (SBN 171742)
                                                        *sellis@goodwinprocter.com*
                                                        **GOODWIN PROCTER LLP**
                                                        601 S. Figueroa Street, 41st Floor
                                                        Los Angeles, CA 90017
                                                        Tel.: 213.426.2500
                                                        Fax.: 213.623.1673

                                                        Attorneys for Defendants:  PHH HOME
                                                        LOANS LLC; RMR FINANCIAL, LLC;
                                                        and NE MOVES MORTGAGE LLC


## **ATTESTATION**

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: June 30, 2016                    By:  /s/ Wendy J. Wildung
                                            WENDY J. WILDUNG (pro hac vice)

17