| | |
|---|---|
| 1 | WENDY J. WILDUNG (pro hac vice) |
| 2 | wendy.wildung@FaegreBD.com<br>FAEGRE BAKER DANIELS LLP |
| 3 | 2200 Wells Fargo Center<br>90 South Seventh Street |
| 4 | Minneapolis, MN  55402-3901<br>Tel.: 612.766.7000 |
| 5 | Fax: 612.766.1600 |
| 6 | CALVIN L. LITSEY (SBN 289659)<br>calvin.litsey@FaegreBD.com |
| 7 | FAEGRE BAKER DANIELS LLP<br>1950 University Avenue, Suite 450 |
| 8 | East Palo Alto, CA 94303<br>Tel.: 650.324.6700 |
| 9 | Fax: 650.324.6701 |
| 10 | Attorneys for Defendants:<br>REALOGY HOLDINGS CORP; |
| 11 | REALOGY GROUP LLC; REALOGY<br>INTERMEDIATE HOLDINGS LLC; |
| 12 | TITLE RESOURCE GROUP LLC;<br>WEST COAST ESCROW COMPANY; |
| 13 | TRG SERVICES ESCROW, INC.;<br>EQUITY TITLE COMPANY; NRT |
| 14 | LLC; REALOGY SERVICES GROUP<br>LLC; and REALOGY SERVICES |
| 15 | VENTURE PARTNER LLC |
| 16 | [ADDITIONAL COUNSEL LISTED IN<br>SIGNATURE BLOCK] |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| 20 | TIMOTHY L. STRADER, SR. and | Case No. 8:15-cv-01973-FMO-AFM |
| 21 | SUSAN M. STRADER, as trustees of<br>the T/S STRADER FAMILY TRUST, | **REPLY IN SUPPORT OF ALL** |
| 22 | and LESTER L. HALL, JR.,<br>individually and on behalf of all others | **DEFENDANTS' REQUEST FOR**<br>**JUDICIAL NOTICE** |
| 23 | similarly situated, | |
| 24 | Plaintiff, | |
| 25 | v. | |
| 26 | PHH CORPORATION, a Maryland | Date:        July 14, 2016<br>Time:        10:00 a.m. |
| 27 | corporation; REALOGY HOLDINGS<br>CORP., a Delaware corporation; PHH | Courtroom: 22 |
| 28 | MORTGAGE CORPORATION, a New<br>Jersey corporation; PHH HOME | Judge:       Hon. Fernando M. Olguin |

REPLY IN SUPPORT OF ALL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

| | |
|---|---|
| 1 | LOANS LLC, a Delaware limited liability company; RMR FINANCIAL, LLC, a California limited liability company; NE MOVES MORTGAGE LLC, a Massachusetts limited liability company; PHH BROKER PARTNER CORPORATION, a Maryland corporation; REALOGY GROUP LLC, a Delaware limited liability company; REALOGY INTERMEDIATE HOLDINGS LLC, a Delaware limited liability company; TITLE RESOURCE GROUP LLC, a Delaware limited liability company; WEST COAST ESCROW COMPANY, a California corporation; TRG SERVICES ESCROW, INC., a Delaware corporation; EQUITY TITLE COMPANY, a California corporation; NRT LLC, a Delaware limited liability company; REALOGY SERVICES GROUP LLC, a Delaware limited liability company; REALOGY SERVICES VENTURE PARTNER LLC, a Delaware limited liability company, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 |            Defendants. |
| 16 | |

## REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Defendants PHH CORPORATION, REALOGY HOLDINGS CORP.; PHH MORTGAGE CORPORATION; PHH HOME LOANS LLC; RMR FINANCIAL, LLC; NE MOVES MORTGAGE LLC; PHH BROKER PARTNER CORPORATION; REALOGY GROUP LLC; REALOGY INTERMEDIATE HOLDINGS LLC; TITLE RESOURCE GROUP LLC; WEST COAST ESCROW COMPANY; TRG SERVICES ESCROW, INC.; EQUITY TITLE COMPANY; NRT LLC; REALOGY SERVICES GROUP LLC; and REALOGY SERVICES VENTURE PARTNER LLC (collectively "Defendants") respectfully submit this Reply in support of their Request for Judicial Notice ("RJN") [Dkt. 76] made in connection with their Motion to Dismiss ("Motion") [Dkt. 75] Plaintiffs' Third Amended Complaint ("TAC").

### I. INTRODUCTION

Exhibits 1-24 are all proper subjects of judicial notice. They are all referred to in the TAC, part of the basis of Plaintiffs' claims, or otherwise compliant with Fed. R. Evid. 201(b). The exhibits, although by no means essential to Defendants' motion, illustrate a number of deficiencies in the TAC, including the fact that the information underlying Plaintiffs' claims was available to Plaintiffs at all times.

Plaintiffs' Objection to the RJN ("Objection") [Dkt. 79] focuses on the meaning and significance of the documents rather than whether the documents are proper subjects of judicial notice. These merits arguments, which belong in their Opposition brief, mischaracterize the documents and misstate Defendants' Motion. They provide no reason to deny the RJN.

### II. ARGUMENT

#### A. SEC Filings (Exhibits 4-20)

Exhibits 4-20 of the RJN are SEC filings that contain or reference the agreement that serves as the basis for Plaintiffs' TAC. Defendants cited these exhibits to demonstrate that: (1) the information Plaintiffs claim was "concealed"

1  was publicly available; and (2) Plaintiffs readily accessed and digested this
2  information when they finally decided to diligently pursue these alleged claims.
3  Plaintiffs do not dispute that Exhibits 4-20 are authentic or that they are part of the
4  public record.  In fact, Plaintiffs themselves attached an SEC filing to their TAC
5  (*see* Dkt. 74-1) and rely on it in their Opposition.  Opp. at 15, 19, 21, 23.
6  Accordingly, all of the factors necessary to take judicial notice of the SEC filings
7  are undisputed.

8       Courts routinely take judicial notice of SEC filings.  *See, e.g.*, *Metzler Inv.*
9  *GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (district
10 court could take judicial notice of filings with SEC); *Dreiling v. Am. Exp. Co.*, 458
11 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings subject to judicial notice on a motion
12 to dismiss); *see also ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d
13 1213, 1231 (C.D. Cal. 2015); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50
14 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014); *In re Copper Mountain Sec. Litig.*, 311 F.
15 Supp. 2d 857, 863-64 (N.D. Cal. 2004); *Plevy v. Haggerty,* 38 F. Supp. 2d 816, 821
16 (C.D. Cal. 1998).  Nonetheless, Plaintiffs argue that Exhibits 4-20 are irrelevant and
17 intentionally "hide pertinent facts necessary to uncover Defendants' RESPA
18 violations."  Objection, at 4.  That contention is puzzling, as Plaintifs relied on some
19 of the *very same* SEC filings in prior iterations of their TAC.  *See* Class Action
20 Complaint, at ¶ 61 [Dkt. 1] (citing Defendants' Exhibit 19); Amended Complaint, at
21 ¶ 63 [Dkt. 10] (same).  Moreover, the SEC filings are clearly relevant as they show
22 that information relating to Plaintiffs' claims was in the public domain going all the
23 way back to 2005, a fact that rebuts Plaintiffs' contention that Defendants somehow
24 "concealed" key information from them.  *See* Memorandum at 6–9 [Dkt. 75-2].
25 Finally, to the extent Plaintiffs are challenging the SEC filings as improper because
26 they were excerpted, this was merely done for the convenience of the Court.
27 Defendants will submit the full-length documents if the Court desires.
28

B. <u>Licensure and Biography Documents (Exhibits 21-24)</u>

Plaintiffs do not dispute the authenticity or accuracy of Exhibits 21-24, which bear on Plaintiff Timothy Strader's professional experience in the real estate industry, education, and sophistication. Nor do they dispute that Plaintiff Strader's real estate licensure information and attorney status (Exhibits 23-24) are public records of the California Bureau of Real Estate and State Bar, respectively. *See Morgensen v. Downey Sav. & Loan Ass'n*, 2016 WL 234430, at *2 n.5 (N.D. Cal. Jan. 20, 2016) (taking judicial notice of attorney's bar status); *Grinnell v. Colvin*, 2014 WL 234319, at *1 n.2 (C.D. Cal. Jan. 22, 2014) (judicial notice taken of professional licenses). They also do not dispute that the biographical information from official websites is judicially noticeable (Exhibits 21-22). *See*, *e.g.*, *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1113 n.4 (N.D. Cal. 2013) (taking judicial notice of "various webpages from the University of California website"); *Ross v. O'Neal*, 2011 WL 5041967, at *1 (C.D. Cal. 2011) (taking judicial notice of information from organization's official website). Instead, Plaintiffs can argue only that "even if properly subject to judicial notice, [the exhibits] are misleadingly presented." Objection, at 5. But Exhibits 21-24 demonstrate that Strader is a lawyer and an experienced real estate professional. Given that Mr. Strader asks this Court to employ its broad equitable powers to toll his limitations period, information related to Mr. Strader's ability to timely discover his claims in the exercise of reasonable diligence is the proper subject of judicial notice.

C. <u>Purchase Agreements (Exhibits 1-2)</u>

It is undisputed that the purchase agreements at Exhibits 1 & 2 are authentic and that they are part of the transactions that are the focus of the TAC. Nevertheless, Plaintiffs question whether the purchase agreements are "necessarily relie[d] on" in the TAC, suggesting that this proposition is "tenuous," but not that it is wrong. As noted in the RJN, Plaintiffs' home purchases are referenced in the

TAC (¶¶ 101, 113) and Plaintiffs allege that they "review[ed] the notices and other documentation provided" during the home-buying process (¶¶ 109, 126). Plaintiffs' reluctance to challenge this more forcefully is likely because courts regularly hold that transaction documents are properly subject to judicial notice in lawsuits relating to home mortgage loans. *See, e.g.*, *Ko v. Bank of Am., N.A.*, 2015 WL 6134350, at *3 (C.D. Cal. Oct. 19, 2015) (taking judicial notice of mortgage documents); *Hendricks v. Wells Fargo Bank, N.A.*, 2015 WL 1644028, at *2 (C.D. Cal. Apr. 14, 2015) (same); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 989 (N.D. Cal. 2014) (same); *Lane v. Wells Fargo Bank N.A.*, 2013 WL 269133, at *2 (N.D. Cal. Jan. 24, 2013) (same); *Lynch v. RKS Mortgage Inc.*, 588 F. Supp. 2d 1254, 1256 (E.D. Cal. 2008) (same). Moreover, while Plaintiffs do not list out the title of every single document they claim to have reviewed in connection with their purchase (*see* ¶¶ 109, 126), a complaint need not "expressly refer[] to [a document] by name" to incorporate it by reference. *Mullins v. Wells Fargo Bank, N.A.*, 2013 WL 5299181, at *5 (E.D. Cal. Sept. 18, 2013) ("Although the note is not a recorded public document and is not expressly referred to by name in the first amended complaint, it is clearly referenced by plaintiffs' complaint as evidence of a loan central to plaintiffs' claims."); *accord Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1040 (E.D. Cal. 2009), *disagreed with on other grounds by Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1183 (9th Cir. 2016).

D. <u>Agency Disclosures (Exhibit 3)</u>

Finally, Plaintiffs do not contest the authenticity of the disclosures attached as Exhibit 3 or the fact that their TAC puts the disclosures at issue. As such, the Court may take judicial notice of these documents (which Plaintiff Strader alleges he read) and of the fact that they disclose (1) Merrill's agency agreement with PHH and (2) that PHH would receive compensation from Merrill for services provided in connection with the loan. *See Champlaie*, 706 F. Supp. 2d at 1040 (taking judicial notice of TILA and insurance disclosures where the complaint "repeatedly refers to

1 'documents' provided to plaintiff at closing and to various disclosures"); *Lane*, 2013 WL 269133, at *2 (taking judicial notice of "documents included with plaintiffs' mortgage loan"). In their Objection, Plaintiffs again ignore the factors relevant to judicial notice, arguing instead that the exhibit does not support Defendants' Motion because Merrill's disclosures did not also disclose a separate contractual agreement between third-party entities PHH and TRG. Objection, at 4. The disclosures are relevant, however, as they show facts relating to referrals that Plaintiffs were on notice of prior to closing on their mortgage loan.

## III. CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Request for Judicial Notice [Dkt. 76], Defendants respectfully request that the Court grant their Request for Judicial Notice.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated:  June 30, 2016 | /s/  Wendy J. Wildung |
| | WENDY J. WILDUNG (pro hac vice) |
| | *Wendy.Wildung@FaegreBD.com* |
| | **FAEGRE BAKER DANIELS LLP** |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, MN  55402-3901 |
| | Tel.: 612.766.7000 |
| | Fax: 612.766.1600 |
| | |
| | CALVIN L. LITSEY (SBN 289659) |
| | *Calvin.Litsey@FaegreBD.com* |
| | **FAEGRE BAKER DANIELS LLP** |
| | 1950 University Avenue, Suite 450 |
| | East Palo Alto, CA  94303 |
| | Tel:  650.324.6700 |
| | Fax:  650.324.6701 |
| | |
| | Attorneys for Defendants: REALOGY HOLDINGS CORP; REALOGY GROUP LLC; REALOGY INTERMEDIATE HOLDINGS LLC; TITLE RESOURCE GROUP LLC; WEST COAST ESCROW COMPANY; TRG SERVICES ESCROW, INC.; NRT LLC; REALOGY SERVICES GROUP LLC; and REALOGY SERVICES VENTURE PARTNER LLC |

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 30, 2016 | /s/ Mitchel H. Kider ** *with permission* |
| 3 | | MITCHEL H. KIDER (SBN 116479) |
| | | *kider@thewbkfirm.com* |
| 4 | | DAVID M. SOUDERS (pro hac vice) |
| | | *souders@thewbkfirm.com* |
| 5 | | MICHAEL Y. KIEVAL (pro hac vice) |
| 6 | | *kieval@thewbkfirm.com* |
| | | **WEINER BRODSKY KIDER PC** |
| 7 | | 1300 19th Street NW, 5th Floor |
| 8 | | Washington DC 20036 |
| | | Tel.: 202.628.2000 |
| 9 | | Fax: 202.628.2011 |
| 10 | | |
| 11 | | JOEL A. SCHIFFMAN (SBN 90138) |
| | | *schiffman@thewbkfirm.com* |
| 12 | | **WEINER BRODSKY KIDER PC** |
| 13 | | 300 Spectrum Center Drive, Suite 400 |
| | | Irvine, CA 92618 |
| 14 | | Tel.: 949.754.3010 |
| 15 | | Fax: 202.628.2011 |
| 16 | | Attorneys for Defendants: |
| 17 | | PPH CORPORATION; PHH MORTGAGE |
| | | CORPORATION; and PHH BROKER |
| 18 | | PARTNER CORPORATION |

7

REPLY IN SUPPORT OF ALL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  June 30, 2016 | /s/ David L. Permut ** *with permission* |
| 3 | | THOMAS M. HEFFERON (pro hac vice) |
| | | *thefferon@goodwinprocter.com* |
| 4 | | DAVID L. PERMUT (pro hac vice) |
| | | *dpermut@goodwinprocter.com* |
| 5 | | **GOODWIN PROCTER LLP** |
| 6 | | 901 New York Avenue NW |
| | | Washington, DC 20001 |
| 7 | | Tel.: 202.346.4000 |
| 8 | | Fax.: 202.346.4444 |

Dated:  June 30, 2016         /s/ David L. Permut ** *with permission*
                              THOMAS M. HEFFERON (pro hac vice)
                              *thefferon@goodwinprocter.com*
                              DAVID L. PERMUT (pro hac vice)
                              *dpermut@goodwinprocter.com*
                              **GOODWIN PROCTER LLP**
                              901 New York Avenue NW
                              Washington, DC 20001
                              Tel.: 202.346.4000
                              Fax.: 202.346.4444

STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

Attorneys for Defendants:  PHH HOME LOANS LLC; RMR FINANCIAL, LLC; and NE MOVES MORTGAGE LLC

## **ATTESTATION**

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 30, 2016         By:  /s/ Wendy J. Wildung
                                  WENDY J. WILDUNG (pro hac vice)