**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SHERI DODGE and NEIL DODGE, and RAM AGRAWAL and SARITA AGRAWAL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH CORPORATION, a Maryland corporation; REALOGY HOLDINGS CORP., a Delaware corporation; PHH MORTGAGE CORPORATION, a New Jersey corporation; PHH HOME LOANS LLC, a Delaware limited liability company; RMR FINANCIAL, LLC, a California limited liability company; NE MOVES MORTGAGE LLC, a Massachusetts limited liability company; PHH BROKER PARTNER CORPORATION, a Maryland corporation; REALOGY GROUP LLC, a Delaware limited liability company; REALOGY INTERMEDIATE HOLDINGS LLC, a Delaware limited liability company; TITLE RESOURCE GROUP LLC, a Delaware limited liability company; WEST COAST ESCROW COMPANY, a California corporation; TRG SERVICES ESCROW, INC., a Delaware corporation; EQUITY TITLE COMPANY, a California corporation; NRT LLC, a Delaware limited liability company; REALOGY SERVICES GROUP LLC, a Delaware limited liability company; REALOGY SERVICES VENTURE PARTNER LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 8:15-CV-01973-FMO-AFM<br><br>**AMENDED STIPULATION OF SETTLEMENT** |

# TABLE OF CONTENTS

I.      DESCRIPTION OF THE ACTION ................................................................. 1

II.     BENEFITS OF SETTLEMENT TO THE PLAINTIFF CLASS.................... 2

III.    DEFENDANTS' DENIALS OF WRONGDOING AND

        REASONS FOR SETTLEMENT ................................................................. 3

IV.     TERMS OF THE AGREEMENT ................................................................. 4

        A.      Definitions................................................................................. 4

        B.      The Court's Order Preliminarily Approving

                The Settlement.......................................................................... 11

        C.      Judgment To Be Entered By The Court Approving The

                Settlement ................................................................................. 15

        D.      Use Of The Settlement Fund And Notice And Settlement

                Administration.......................................................................... 17

        E.      The Fee And Expense Application ........................................... 25

        F.      Conditions Of Settlement; Effect Of Disapproval;

                Cancellation And Termination ................................................. 27

        G.      Miscellaneous Provisions......................................................... 28

<u>EXHIBITS</u>

Exhibit A:    Order Preliminarily Approving Settlement

Exhibit A-1:  Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon

Exhibit A-2:  Proof of Claim and Release

Exhibit A-3:  Request For Exclusion

Exhibit A-4:  Plan Of Distribution

Exhibit B:    Order For Final Judgment

## **AMENDED STIPULATION OF SETTLEMENT**

This Amended Stipulation of Settlement ("Stipulation" or "Settlement") is made as of November 2, 2017, by and among the following parties, as hereinafter defined: (1) Sheri Dodge, Neil Dodge, Ram Agrawal, and Sarita Agrawal ("Class Representatives"), on behalf of themselves and the Class, by and through Class Counsel in this Action;[1] and (2) PHH Corporation, PHH Broker Partner Corp., PHH Mortgage Corp., Realogy Intermediate Holdings LLC, Realogy Holdings Corp., Realogy Group LLC, Realogy Services Venture Partner LLC, Realogy Services Group LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, PHH Home Loans, LLC, RMR Financial, LLC, and NE Moves Mortgage LLC (collectively, "Defendants"), by and through their attorneys in this Action. The Class Representatives and Defendants are the "Parties."

## **I.   DESCRIPTION OF THE ACTION**

On or about November 25, 2015, a putative class action under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§2601, *et seq.* ("RESPA") was commenced against Defendants in the United States District Court for the Central District of California (the "Court") as Case No. 8:15-CV-1973. In their Complaint filed on November 25, 2015, Amended Complaint filed on December 10, 2015, Second Amended Complaint filed on April 21, 2016, Third Amended Complaint filed on May 12, 2016, and Fourth Amended Complaint filed on July 31, 2017 (collectively, the "Complaints"), Plaintiffs alleged that Defendants violated §8(a) of RESPA, 12 U.S.C. §2607(a), by (1) paying kickbacks, referrals fees, or other things of value in connection with the referral of title insurance and other settlement service business to Title Resource Group LLC ("TRG") and its affiliates, and (2) operating PHH Home Loans LLC and its affiliates.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶IV(A) herein.

Plaintiffs alleged that Defendants entered into an arrangement whereby PHH Corporation and/or its subsidiaries and affiliates ("PHH") were bound to refer all title insurance and settlement services to Realogy's subsidiary, TRG (and/or its affiliates), and, in exchange, PHH received a variety of monetary and nonmonetary referral fees and kickbacks.    Plaintiffs also alleged that PHH directed the PLS Partners to refer title insurance and other settlement services to TRG (and/or its affiliates) without notifying consumers of the existence of PHH's affiliation with TRG or the fact that PHH was required to cause the PLS Partners to refer title insurance and other settlement services to TRG (and/or its affiliates).

Upon motion by Defendants, the Court dismissed the First Amended Complaint with leave to replead.    Following Plaintiffs' filing of the Third Amended Complaint, Defendants moved to dismiss again. The Court denied Defendants' motion to dismiss and Defendants ultimately answered the Third Amended Complaint, denying all liability and raising various affirmative defenses.

Plaintiffs and Defendants proceeded with discovery for nearly one year, which included written and oral discovery, document production, and extensive negotiations regarding the scope of discovery, requiring Plaintiffs and Defendants to meet and confer numerous times.    On January 31, 2017, the Parties participated in a private mediation with Viggo Boserup, Esq.    On May 19, 2017, the Parties participated in a settlement conference before United States Magistrate Judge Jay C. Gandhi during which Plaintiffs and Defendants were able to reach an agreement on a Settlement as described more fully in this Stipulation.    Through those arms'-length negotiations, on or about July 26, 2017, (1) Defendants made individual settlements with the original named plaintiffs Timothy L. Strader, Sr., Susan M. Strader, the T/S Strader Family Trust, and Lester L. Hall, Jr., and (2) the Parties stipulated to the filing of the Fourth Amended Complaint that amended certain claims and added Sheri Dodge, Neil Dodge, Ram Agrawal, and Sarita Agrawal as plaintiffs.    In addition, since the May 19, 2017 settlement conference, the Parties have engaged in certain confirmatory discovery to identify Class Members and the amount of

money each Class Member paid for title- and escrow-related Settlement Services.  The Parties have agreed to defer further merits and class discovery until the Court can consider the Settlement described in this Stipulation.

## II.      BENEFITS OF SETTLEMENT TO THE CLASS

The Class Representatives and Class Counsel believe the claims asserted in this Action have merit.  However, the Class Representatives and Class Counsel recognize that the expense and length of the additional proceedings necessary to prosecute the Action against Defendants through further discovery, motion practice, trial, and possible appeals is considerable, and therefore, that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits and protections as expeditiously as possible.  Class Counsel have also taken into account the uncertain outcome and the risk of further litigation, including in class action cases such as this Action, as well as the difficulties and delays in such litigation.   In light of the foregoing, the Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial and immediate benefits upon the Class.  Class Representatives and Class Counsel have also determined that the terms set forth in this Settlement are fair, reasonable, adequate, and in the best interests of the Class.

## III.     DEFENDANTS' DENIALS OF WRONGDOING AND REASONS FOR SETTLEMENT

Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action.  Defendants repeatedly have asserted, and continue to assert, many defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the conduct alleged in the Action.  Nevertheless, Defendants have concluded that the further conduct of the Action against them would be protracted and expensive.  Substantial amounts of time, energy and resources have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted in the Action.  Defendants also recognize that there are risks attendant in any litigation.  Defendants have, therefore, determined that it is desirable

1   and beneficial to them that the Action be settled in the manner and upon the terms and

2   conditions set forth in this Stipulation to eliminate the burden and expense of further

3   protracted litigation.

4   **IV.**   **TERMS OF THE AGREEMENT**

5   **NOW, THEREFORE,** it is hereby stipulated and agreed, by and among the

6   undersigned Parties, that the Action shall be settled, subject to the approval of the Court

7   pursuant to Fed. R. Civ. P. 23(e), upon and subject to the following terms and conditions:

8   **A.**   **Definitions**

9   1.   "Action" means the above-captioned action.

10   2.   "Administrative Expenses" means: (a) the costs, fees and expenses

11   that are incurred by the Claims Administrator in connection with providing notice to the

12   Class and administering the Settlement, including but not limited to the claims process;

13   (b) fees and expenses incurred in connection with the Escrow Account; (c) Taxes; and

14   (d) the out-of-pocket expenses incurred by Class Counsel in connection with determining

15   the amount of, and paying, any Taxes (including, without limitation, expenses of tax

16   attorneys and accountants).

17   3.   "Amount Paid" means the amount that a Class Member paid for

18   title-, escrow-, and closing-related Settlement Services in a transaction that is the subject

19   of this Action.  The Amount Paid shall be determined from the Defendants' business

20   records that reflect the amount of title-, escrow-, and closing-related charges paid by the

21   Class Member at closing as reflected either in the Lines in the 1100 series of the Class

22   Member's HUD-1 Settlement Statement or in the section in the Closing Disclosure form

23   corresponding to the title-, escrow, and closing-related charges paid by the Class Member.

24   4.   "Claim Form" means a Proof of Claim and Release, substantially in

25   the form attached hereto as Exhibit A-2.

26   5.   "Claims Administrator" means KCC, LLC.

27   6.   "Class" means all borrowers who, on or after November 25, 2014 and

28   on or before November 25, 2015, (1) closed on any mortgage loan originated by PHH

4

Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or their affiliates (including loans where PHH Mortgage Corporation provided origination services on behalf of any PLS Partners), and (2) paid title-, escrow-, or closing-related charges in connection with that mortgage loan to Title Resource Group LLC or its affiliates. Excluded from the Class are borrowers who exclude themselves by submitting a Request For Exclusion that is accepted by the Court.

7.      "Class Counsel" means the law firms of Greenberg Gross LLP and Robinson Calcagnie, Inc.

8.      "Class Member(s)" means a member of the Class.

9.      "Class Period" means the period on or after November 25, 2014 and on or before November 25, 2015.

10.      "Class Representatives" refers to Sheri Dodge, Neil Dodge, Ram Agrawal, and Sarita Agrawal.

11.      "Court" means the United States District Court for the Central District of California.

12.      "Defendants" means PHH Corporation, PHH Broker Partner Corp., PHH Mortgage Corp., Realogy Intermediate Holdings LLC, Realogy Holdings Corp., Realogy Group LLC, Realogy Services Venture Partner LLC, Realogy Services Group LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, PHH Home Loans, LLC, RMR Financial, LLC, and NE Moves Mortgage LLC.

13.      "Defendants' Releasees" means PHH Corporation, PHH Broker Partner Corp., PHH Mortgage Corp., Realogy Intermediate Holdings LLC, Realogy Holdings Corp., Realogy Group LLC, Realogy Services Venture Partner LLC, Realogy Services Group LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, PHH Home Loans, LLC, RMR Financial, LLC, NE Moves Mortgage LLC, and the PLS Partners, all and each of them, and all and each of their respective past and present parents, subsidiaries, and affiliated

corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, members, partners, representatives, attorneys, insurers, and assigns, in their capacities as such.

14.     "Effective Date" means the date on which the Court's judgment approving this Stipulation, in substance materially the same as the form attached hereto as Exhibit B, becomes Final.

15.     "Fairness Hearing" means the hearing or hearings before the Court to determine whether the Final Judgment Order should be entered and to consider related matters.

16.     "Final," with respect to the judgment or any other court order, means: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (b) if there is an appeal from the judgment or order, (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (a) the Fee and Expense Application (as hereinafter defined), or (b) the Plan Of Distribution of the Net Settlement Fund (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

17.     "Final Allowed Claim" means the amount that is the basis for each Class Member's proportional share of the distribution of the Net Settlement Fund, as set forth in the Plan Of Distribution that is Exhibit A-4.

18.     "Final Judgment Order" means the Order For Final Judgment approving the Settlement that is in substance materially the same as Exhibit B to this Stipulation.

19.     "Litigation Expenses" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting and settling the Action.

20.     "Notice" means Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members and made available for download on a website to be maintained by the Claims Administrator.

21.     "PLS Partners" means any unaffiliated entity for which PHH Mortgage Corporation provided origination and fulfillment services in connection with the origination of mortgage loans during the Class Period.

22.     "Preliminary Approval Order" means an order granting preliminary approval of the Settlement that is in substance materially the same as Exhibit A to this Stipulation.

23.     "Released Plaintiffs' Claims" means any and all claims, actions, causes of action, rights or liabilities, whether arising out of federal, state, foreign, or common law, including Unknown Claims, of any Class Member, which exist or may exist against any of the Defendants' Releasees by reason of any matter, event, cause or thing that were or could have been alleged:  (a) based on the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act alleged in the Action, including all RESPA claims; and (b) related to the relationships among Defendants' Releasees alleged in Plaintiffs' Fourth Amended Complaint (Dkt. 115) and Settlement Services performed by, obtained by, or paid to any of Defendants' Releasees in the Class Members' real estate transactions that are the subjects of the Action.  Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlement or any claims of any person or entity who submits a Request For Exclusion that is accepted by the Court.  This release

7

does not affect any rights Class Members might have in the *In re PHH Lender Placed Insurance Litigation*, No. 12-01117-NLH-KMW (D.N.J. Jan. 19, 2017).

24.    "Settlement" means the settlement between the Class Representatives and Defendants on the terms and conditions set forth in this Stipulation.

25.    "Settlement Fund" means the sum of $17,000,000, to be paid by Defendants as specified in ¶IV(D) of this Stipulation, including any interest accrued thereon after payment.

26.    "Settlement Services" shall have the meaning set forth in RESPA, 12 U.S.C. §2602(3).

27.    "Taxes" means: (a) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (b) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

28.    "Unknown Claims" means any Released Plaintiffs' Claims which the Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. The Parties stipulate and agree that, upon the Effective Date of the Settlement, the Class Representatives shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was

separately bargained for and is a key element of the Settlement.   The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Plaintiffs' Claims, but that it is their intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Plaintiffs' Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.   All of the foregoing is the definition of "Unknown Claims."

## B.    The Court's Order Preliminarily Approving The Settlement

As soon as practicable after the execution of this Stipulation, Class Counsel shall apply to the Court for entry of an order that is in substance materially the same as the proposed Preliminary Approval Order attached hereto as Exhibit A, which shall specifically include provisions which:

1.      Preliminarily approve the Settlement as embodied in this Stipulation as being fair, reasonable, and adequate to the Class;

2.      For purposes of settlement only, preliminarily certify the Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), appoint the Class Representatives and Class Counsel to represent the Class, and provide that the interests of Class Members in enforcing their rights in the Action will be fairly and adequately represented by the Class Representatives and by Class Counsel;

3.      Provide that Class Counsel are authorized to enter into the Stipulation on behalf of the Class Representatives and the Class, and to bind the Class Representatives and Class Members to the duties and obligations contained herein, subject to final approval by the Court following the Settlement Hearing;

9

4.      Appoint the firm of KCC, LLC to administer the notice procedure and the processing of claims ("Claims Administrator"), under the supervision of Class Counsel;

5.      Approve a (a) Notice that is in substance materially the same as Exhibit A-1 attached hereto for transmission to Class Members in order to provide notice of the hearing for approval of the Settlement, (b) a Claim Form that is in substance materially the same as Exhibit A-2 attached hereto that must be submitted by a date set by the Court that is no later than ninety (90) calendar days after mailing of the Notice (the "Bar Date"), and (c) a Request For Exclusion that is in substance materially the same as Exhibit A-3 attached hereto that must be submitted by a date set by the Court that is no later than twenty-one (21) calendar days before the Fairness Hearing;

6.      Direct that the Claims Administrator mail such Notice to those Class Members who can be identified through reasonable effort, as set forth in the Preliminary Approval Order, and make the Claim Form and Request For Exclusion available to Class Members on a settlement website or by calling a toll-free number;

7.      Find that mailing and distribution pursuant to ¶¶IV(B)(5) and (6) above constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said notices to all persons entitled to receive notice, and fully satisfy the requirements of due process, Fed. R. Civ. P. 23, and all other applicable laws and rules;

8.      Require any Class Member who desires to request exclusion from the Class to submit the Request For Exclusion by the time and in the manner set forth in the Notice, and to provide the information required therein;

9.      Schedule a Fairness Hearing to be held by the Court on a date at least 100 days after entry of the Preliminary Approval Order in order to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether a final judgment should be entered that is in substance materially the same as Exhibit B attached hereto ("Final Judgment Order"); (c) whether the Class

10

Representatives' proposed Plan Of Distribution of the Net Settlement Fund, attached as Exhibit A-4 ("Plan Of Distribution"), should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application of Class Counsel for an award of attorneys' fees, Litigation Expenses, and service awards to the Class Representatives ("Fee and Expense Application"); and (e) any other matters that may be brought before the Court in connection with the Settlement;

10. Provide that any objections to the Settlement, the Plan Of Distribution, or the Fee and Expense Application shall be heard, and any papers submitted in support of said objections shall be received and considered, by the Court at the Fairness Hearing (unless, in its discretion, the Court shall direct otherwise), only if, on or before a date to be specified in the Notice, persons making objections give notice of their intention to appear, and file with the Court and submit copies of such papers as they propose to submit in the manner described in the Notice;

11. Provide that a Claim Form filed by mail shall be deemed to have been submitted when legibly postmarked by the U.S. Postal Service, if mailed by first-class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form, and that all other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator; and

12. Provide that, upon entry of the Final Judgment Order, the Class Representatives and all Class Members shall be permanently enjoined and barred from asserting any claims (except through the claim procedures) against Defendants and Defendants' Releasees arising from the Released Plaintiffs' Claims, and that the Class Representatives and all Class Members conclusively shall be deemed to have released any and all such Released Plaintiffs' Claims;

13. Provide that, upon the Effective Date, only Class Members shall have rights in the distribution of the Net Settlement Fund; and

AMENDED STIPULATION OF SETTLEMENT

14.    Provide that the Fairness Hearing may, from time to time and without further notice to Class Members, be continued or adjourned by order of the Court.

**C.**    **Judgment To Be Entered By The Court Approving The Settlement**

At the Fairness Hearing, the Class Representatives and Class Counsel shall ask the Court to enter the order described in this section.  Upon approval by the Court of the Settlement, a final judgment shall be entered by the Court, pursuant to an Order For Final Judgment ("Final Judgment Order") that is in substance materially the same as Exhibit B attached hereto, which shall specifically include provisions which:

1.    Approve the Settlement set forth in this Stipulation as fair, reasonable, and adequate to the Class, and direct consummation of the Settlement in accordance with the terms and provisions of this Stipulation;

2.    Fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

3.    Provide that the Class Representatives and each of the other Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, assigns, and insurers, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged all Released Plaintiffs' Claims against Defendants and Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against Defendants or any of the Defendants' Releasees.

4.    Notwithstanding ¶IV(C)(3) above, nothing in the Final Judgment Order shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Final Judgment Order;

5.    Determine that Defendants have complied with the requirements of 28 U.S.C. §1715(b);

6.      Approve the Plan Of Distribution and order that payments be made to Class Members only in accordance with that plan;

7.      Award Class Counsel from out of the Settlement Fund such attorneys' fees and Litigation Expenses as the Court may allow;

8.      Award Class Representatives from out of the Settlement Fund such service awards as the Court may allow; and

9.      Reserve jurisdiction over: (a) implementation of the Settlement and any distribution to Class Members, pursuant to further orders of the Court; (b) disposition of the Settlement Fund; (c) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to this Stipulation; and (d) the Parties, for the purpose of enforcing and administering this Stipulation.

**D.      Use Of The Settlement Fund And Notice And Settlement Administration**

1.      The Settlement Fund shall be the sum of $17,000,000.

2.      Within ten (10) business days after the Court enters the Preliminary Approval Order, Defendants shall deposit into an escrow account established at Bank of America, or another FDIC-insured financial institution, and denominated "Dodge v. PHH Qualified Settlement Fund" (the "Escrow Account"), the sum of $250,000 ("Advance Notice Costs").  PHH Corporation or its affiliates will pay $125,000 of the Advance Notice Costs, and Realogy Holdings Corp. or its affiliates will pay $125,000 of the Advance Notice Costs.

3.      Within ten (10) business days after the Court enters the Final Judgment Order, PHH Corporation or its affiliates shall deposit an additional $8,375,000 into the Escrow Account, and Realogy Holdings Corp. or its affiliates shall deposit an additional $8,375,000 into the Escrow Account.

4.      Defendants or Defendants' Releasees shall not be liable to pay any amount except as set forth in ¶IV(D)(2) and (3) of this Stipulation.

5.      The Settlement Fund shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed as provided in this ¶IV(D), or returned to those who paid the Settlement Fund as provided in ¶IV(D)(9) of this Stipulation.

6.      Up until the Effective Date, the Escrow Account shall be under the control of KCC, LLC, on behalf of the Class Representatives, Class Counsel, the Class, and Defendants ("Escrow Agent").  The Escrow Agent shall cause the Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  The Escrow Agent shall cause all interest on the Escrow Account to be collected and reinvested.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

7.      Before the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; or (b) as provided in this Stipulation.

8.      Prior to the Effective Date, the Escrow Agent may pay from the Settlement Fund Administrative Expenses up to the maximum total amount of the Advance Notice Costs of $250,000.  After the Effective Date the Escrow Agent may pay from the Settlement Fund any additional, unpaid Administrative Expenses without further approval from Defendants or order of the Court.  Defendants and Defendants' Releasees are not responsible for, and shall not be liable for, any Administrative Expenses.

9.      If the Effective Date does not occur, or if this Stipulation is voided, terminated or cancelled for any reason, the Class Representatives and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with ¶IV(D)(8).  Any amounts remaining in the Settlement Fund after payment of Administrative Expenses paid or incurred in accordance with ¶IV(D)(8), including all interest earned on the Settlement Fund net of any Taxes, shall be returned to the Defendants who paid the Settlement Fund in the same proportions as their respective contributions to the Settlement Fund.  No other person or entity shall have any further claim whatsoever to such amounts.

10.      This Settlement is not a reversionary settlement.  As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished.

11.      The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants and Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e).   Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants and Defendants' Releasees shall have no responsibility or liability for the Taxes or for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes.

13.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Administrative Expenses incurred in accordance with ¶IV(D)(8); (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any service awards from Class Representatives awarded by the Court.  The balance remaining in the Settlement Fund, referred to hereafter as the "Net Settlement Fund," shall be distributed to Class Members.

14.     KCC, LLC shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.  Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund.  Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

15.     The Parties intend to propose the Plan Of Distribution that is detailed in Exhibit A-4.  The Plan Of Distribution is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular Plan Of Distribution be approved by the Court.  The Class Representatives and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on

1  this Court's or any appellate court's ruling with respect to the Plan Of Distribution or any

2  other plan of distribution in this Action.

3       16.  For purposes of determining the amount of the Claim of a Class

4  Member, the following conditions shall apply:

5       (a)  All Class Members shall have an Amount Paid that has been

6  determined from Defendants' records.  Any Class Member who believes that the amount

7  he or she paid to Title Resource Group LLC or its affiliates for title-, escrow-, and

8  closing-related Settlement Services in a real estate transaction that is a subject of this

9  action is different than the amount of his or her Amount Paid, is entitled to submit to the

10  Claims Administrator a completed Claim Form, substantially in the form of Exhibit A-2

11  attached hereto, setting forth what the Class Member believes is the correct amount.  The

12  Claim Form must be postmarked or submitted electronically by a date set by the Court

13  that is no later than ninety (90) calendar days after the mailing of the Notice (the "Bar

14  Date"), signed under penalty of perjury, and supported by such documents as are specified

15  in the Claim Form and as are reasonably available to the Class Member;

16       (b)  Each Claim Form shall be submitted to and reviewed by the

17  Claims Administrator, who shall determine, in accordance with this Stipulation and the

18  Plan Of Distribution, the extent, if any, to which a Claim Form shall be allowed;

19       (c)  Claim Forms that do not meet the submission requirements

20  may be rejected.  After consulting with Class Counsel and Defendants, the Claims

21  Administrator shall notify, in a timely fashion and in writing, all Class Members whose

22  Claim Forms the Claims Administrator proposes to reject in whole or in part, setting forth

23  the reasons therefor;

24       (d)  If any Class Member whose Claim Form has been rejected in

25  whole or in part desires to contest such rejection, the Class Member must, within twenty

26  (20) days after the date of mailing of the notice required in subparagraph (c) above, serve

27  upon the Claims Administrator a notice and statement of reasons indicating the Class

28  Member's grounds for contesting the rejection along with any supporting documentation,

17

and requesting a review thereof.  The Claims Administrator shall make a further review of the Class Member's Claim Form, and make a final decision whether to accept or reject the Claim Form.  The Claims Administrator's decision on a Claim Form shall be binding upon the Class Member and the Parties; and

(e) If a Claim Form is allowed, the Class Member shall have a Final Allowed Claim in the amount stated on the Claim Form or any other amount determined by the Claims Administrator.  Any Class Member whose Claim Form is rejected shall have a Final Allowed Claim in the amount of his or her Amount Paid.

17. To the extent any monies remain in the Net Settlement Fund more than 150 days after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is equitable and cost-effective to do so, the Claims Administrator will conduct a re-distribution of the monies remaining after payment of any incurred but unpaid Administrative Expenses.  At such time as it is determined that the re-distribution of monies remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to a non-sectarian, not-for-profit organization(s), to be recommended by the Parties and approved by the Court.

18. Payment pursuant to the terms of the Stipulation and the Plan of Distribution shall be final and conclusive against all Class Members.  All Class Members shall be bound by all of the terms of this Stipulation and the Settlement, including the Final Judgment Order to be entered in this Action, and will be permanently barred and enjoined from bringing any action against Defendants or Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

19. No person or entity shall have any claim or cause of action against the Class Representatives, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan Of Distribution as approved by the Court, or any order of the Court.

AMENDED STIPULATION OF SETTLEMENT

20.     Defendants and Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan Of Distribution, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, Administrative Expenses, or any losses incurred in connection with the foregoing.  No person, including the Class Representatives, Class Members, and Class Counsel, shall have any claim of any kind against Defendants or Defendants' Releasees with respect to the matters set forth in this paragraph.

### E.     The Fee And Expense Application

1.     Not later than fourteen (14) calendar days prior to the deadline for submitting objections/requesting exclusion from the Class set forth in the Notice, Class Counsel will apply to the Court for a collective award of attorneys' fees to be paid from (and out of) the Settlement Fund.  Class Counsel also will apply to the Court for reimbursement of Litigation Expenses and for service awards to the Class Representatives directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund.  Class Counsel warrant that any motion or application that they file will include within its scope all attorneys and law firms with a financial interest in any such award for the Settlement of the Action.  All of the above is the "Fee and Expense Application."

2.     Class Counsel have represented that they will collectively not seek an amount in excess of 30% of the Settlement Fund for attorneys' fees or an amount in excess of $50,000 for Litigation Expenses.  Defendants will not oppose a Fee and Expense Application that seeks an amount for attorneys' fees up to 30% of the Settlement Fund, and an amount for Litigation Expenses up to $50,000.

3.     It is agreed that the allowance or disallowance by the Court of the Fee and Expense Application is not a term or condition of the Settlement set forth in this Stipulation, and any order or proceeding relating thereto, or any appeal from any such order, shall not operate to terminate or cancel this Stipulation.

AMENDED STIPULATION OF SETTLEMENT

4.      The amount awarded by the Court (a) for attorneys' fees, (b) for Litigation Expenses, and (c) for service awards to the Class Representatives, shall be paid from the Settlement Fund within five (5) business days of the Effective Date.

**F.      Conditions Of Settlement; Effect Of Disapproval, Cancellation And Termination**

1.      This Stipulation shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if:

(a)      There is no Effective Date;

(b)      The Court fails to enter an order certifying the Class, preliminarily approving the Settlement, and directing that notice of the Settlement be given, in substance materially the same as ¶IV(B) and Exhibit A-1 hereto, or if such an order is entered, it later is reversed or materially modified, whether on appeal or otherwise; or

(c)      The Court fails to enter the Final Judgment Order as provided for in ¶IV(C), in substance materially the same as Exhibit B hereto, or if such a Final Judgment Order is entered, it later is reversed or materially modified, whether on appeal or otherwise (a reversal or modification of any proposed Plan Of Distribution or of any award pursuant to the Fee and Expense Application shall not be deemed a reversal or modification of the material terms of this Stipulation).

2.      If prior to entry of the Final Judgment Order, (a) persons or entities who otherwise would be Class Members have submitted valid and timely Requests For Exclusion from the Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and (b) such persons and entities engaged in an aggregate number of residential mortgage transactions during the Class Period that exceed the number of transactions specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation as set forth in the Supplemental Agreement.  Individuals are not permitted to exclude other individuals, and

20

if there is a group of exclusions, each individual Class Member must evidence his, her, or its intent to exclude themselves.  Any Request For Exclusion submitted by a Class Member on behalf of a group, aggregate, or putative class shall be deemed valid as to that Class Member's claim only, and shall be invalid as to any other Class Member.  Copies of all executed Requests For Exclusion shall be simultaneously sent to Class Counsel and Defendants' counsel promptly upon receipt by the Claims Administrator.  Except as required by the Court, the Supplemental Agreement shall not be filed with the Court unless and until a dispute arises among the Parties.

3.       In the event that this Stipulation is voided, terminated or cancelled, or fails to become effective for any reason whatsoever, then within ten (10) business days after written notice is sent by Defendants to the Escrow Agent and Class Counsel, the Escrow Agent shall cause the Settlement Fund and all interest earned thereon (subject to the expiration of any time deposit not to exceed 90 days) to be refunded to the Defendants who paid the Settlement Fund in the same proportions as their respective contributions to the Settlement Fund, less any Administrative Expenses paid or incurred in accordance with the terms of ¶IV(D)(8) of this Stipulation.  In such event, the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation, its exhibits, and any related agreements or orders, had never been executed. In such event, the Parties jointly will seek vacation of any order entered or actions taken in connection with this Stipulation.

## G.       Miscellaneous Provisions

1.       This Stipulation and its exhibits constitute the entire agreement among the Parties hereto, and no representations, warranties or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

2.       All of the exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that

21

there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

3.     This Stipulation will be executed on behalf of the Parties hereto by their respective counsel of record.  All counsel executing this Stipulation represent and warrant that they are authorized and empowered to execute this Stipulation on behalf of their stated client(s), and that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel.

4.     Class Counsel, on behalf of the Class, are authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms.  Class Counsel also are authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which such counsel deem appropriate.

5.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.   Counsel for the Parties shall exchange among themselves signed counterparts.  Signatures may be originals, or facsimile or pdf. copies.

6.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Stipulation.

7.     This Stipulation may be amended or modified only by a written instrument signed by the Parties or their successors-in-interest.

8.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver, by that Party or by any other Party to this Stipulation, of any other prior or subsequent breach of this Stipulation.  The waiver by one Party shall not be deemed a waiver by any other Party.

9.     Neither this Stipulation, nor any document referred to herein, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as an admission by or against Defendants or Defendants' Releasees of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for

trial or dispositive motion practice.  Nothing in this Stipulation is or may be deemed to be a waiver of Defendants' right to challenge class certification if the Parties cannot obtain final approval of the Settlement for any reason.  Pursuant to Fed. R. Evid. 408, entering into or carrying out this Stipulation, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by Defendants or Defendants' Releasees, and shall not be offered or received into evidence in any action or proceeding against Defendants or Defendants' Releasees in any court, administrative agency or other tribunal for any purpose whatsoever, other than to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, or to enforce the provisions of this Stipulation or the provisions of any related agreement or exhibit hereto.

10. The Parties and their counsel agree that they will refrain from disparaging the Settlement or each other with respect to the Action in any press releases or statements to the media, or in any other communication.

11. All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

12. The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Preliminary Approval Order and the Final Judgment Order, and to effectuate the Settlement set forth in this Stipulation.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the date stated above.

AMENDED STIPULATION OF SETTLEMENT

1  Date:  November 2, 2017.

2

DANIEL S. ROBINSON (SBN 244245)
*drobinson@robinsonfirm.com*
WESLEY K. POLISCHUK (SBN 254121)
*wpolishuk@robinsonfirm.com*
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA  92660
Tel: 949.720-1288
Fax: 949.720-1292

EVAN C. BORGES (SBN 128706)
*EBorges@GGTrialLaw.com*
ALUYAH I. IMOISILI (SBN 245572)
*AImoisili@GGTrialLaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1750
Costa Mesa, CA  92626
Tel: 949.383.2800
Fax:  949.383.2801

Attorneys for Plaintiffs SHERI DODGE, NEIL
DODGE, RAM AGRAWAL, SARITA
AGRAWAL, Individually and on Behalf of all
Others Similarly Situated

24

AMENDED STIPULATION OF SETTLEMENT

1   Date:  November 2, 2017.

2                                        WENDY J. WILDUNG (pro hac vice)
                                         Wendy.Wildung@FaegreBD.com
3                                        **FAEGRE BAKER DANIELS LLP**
                                         2200 Wells Fargo Center
4                                        90 South Seventh Street
                                         Minneapolis, MN  55402-3901
5                                        Tel.: 612.766.7000
                                         Fax: 612.766.1600
6

7                                        CALVIN L. LITSEY (SBN 289659)
                                         Calvin.Litsey@FaegreBD.com
8                                        **FAEGRE BAKER DANIELS LLP**
9                                        1950 University Avenue, Suite 450
                                         East Palo Alto, CA  94303
10                                       Tel:  650.324.6700
                                         Fax:  650.324.6701
11

12                                       Attorneys for Defendants: REALOGY
                                         HOLDINGS CORP; REALOGY GROUP LLC;
13                                       REALOGY INTERMEDIATE HOLDINGS LLC;
                                         TITLE RESOURCE GROUP LLC; WEST
14                                       COAST ESCROW COMPANY; TRG
15                                       SERVICES ESCROW, INC.; EQUITY TITLE
                                         COMPANY, NRT LLC; REALOGY SERVICES
16                                       GROUP LLC; and REALOGY SERVICES
                                         VENTURE PARTNER LLC
17

18

19

20

21

22

23

24

25

26

27

28

AMENDED STIPULATION OF SETTLEMENT

1

Date:  November 2, 2017.

2

_____

MITCHEL H. KIDER (SBN 116479)

3

*kider@thewbkfirm.com*
DAVID M. SOUDERS (pro hac vice)

4

*souders@thewbkfirm.com*
MICHAEL Y. KIEVAL (pro hac vice)

5

*kieval@thewbkfirm.com*

6

**WEINER BRODSKY KIDER PC**
1300 19th Street NW, 5th Floor

7

Washington DC 20036

8

Tel.: 202.628.2000
Fax: 202.628.2011

9

10

JOEL A. SCHIFFMAN (SBN 90138)
*schiffman@thewbkfirm.com*

11

**WEINER BRODSKY KIDER PC**

12

300 Spectrum Center Drive, Suite 400
Irvine, CA 92618

13

Tel.: 949.754.3010
Fax: 202.628.2011

14

15

Attorneys for Defendants:
PPH CORPORATION; PHH MORTGAGE

16

CORPORATION; and PHH BROKER
PARTNER CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED STIPULATION OF SETTLEMENT

1   Date:  November 2, 2017.

_David L. Permut_

2   THOMAS M. HEFFERON (pro hac vice)
3   *thefferon@goodwinprocter.com*
    DAVID L. PERMUT (pro hac vice)
    *dpermut@goodwinprocter.com*
4   **GOODWIN PROCTER LLP**
5   901 New York Avenue NW
    Washington, DC 20001
6   Tel.: 202.346.4000
7   Fax.: 202.346.4444

8   STEVEN A. ELLIS (SBN 171742)
    *sellis@goodwinprocter.com*
9   **GOODWIN PROCTER LLP**
10  601 S. Figueroa Street, 41st Floor
    Los Angeles, CA 90017
11  Tel.: 213.426.2500
    Fax.: 213.623.1673
12

13  Attorneys for Defendants:  PHH HOME
    LOANS, LLC; RMR FINANCIAL, LLC; and
14  NE MOVES MORTGAGE LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

AMENDED STIPULATION OF SETTLEMENT

EXHIBIT A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SHERI DODGE and NEIL DODGE, and RAM AGRAWAL and SARITA AGRAWAL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH CORPORATION, a Maryland corporation; REALOGY HOLDINGS CORP., a Delaware corporation; PHH MORTGAGE CORPORATION, a New Jersey corporation; PHH HOME LOANS LLC, a Delaware limited liability company; RMR FINANCIAL, LLC, a California limited liability company; NE MOVES MORTGAGE LLC, a Massachusetts limited liability company; PHH BROKER PARTNER CORPORATION, a Maryland corporation; REALOGY GROUP LLC, a Delaware limited liability company; REALOGY INTERMEDIATE HOLDINGS LLC, a Delaware limited liability company; TITLE RESOURCE GROUP LLC, a Delaware limited liability company; WEST COAST ESCROW COMPANY, a California corporation; TRG SERVICES ESCROW, INC., a Delaware corporation; EQUITY TITLE COMPANY, a California corporation; NRT LLC, a Delaware limited liability company; REALOGY SERVICES GROUP LLC, a Delaware limited liability company; REALOGY SERVICES VENTURE PARTNER LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 8:15-CV-01973-FMO-AFM<br><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |

# ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS**, Plaintiffs in the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with an Amended Stipulation of Settlement (the "Stipulation" or "Settlement") entered into by the Parties as of November 2, 2017 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Stipulation;

**WHEREAS,** all defined terms used in this Order have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Stipulation and its exhibits,

**IT IS HEREBY ORDERED** that:

1.     The representations, agreements, terms, and conditions of the Settlement, as embodied in the Stipulation and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.

2.     For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of borrowers who, on or after November 25, 2014 and on or before November 25, 2015 ("Class Period"), closed on any mortgage loan originated by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or their affiliates (including loans where PHH Mortgage Corporation provided origination services on behalf of any of the PLS Partners), and paid title-, escrow-, or closing-related charges in connection with that mortgage loan to Title Resource Group

LLC or its affiliates, excluding any borrower who submits a valid and timely Request For Exclusion pursuant to the Notice required by this Order (the "Class").

3.       Also for purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Neil Dodge, Sheri Dodge, Ram Agrawal, and Sarita Agrawal ("Class Representatives") will fairly and adequately represent the interests of the Class in enforcing their rights in the Action, and appoints them as Class Representatives.

4.       For purposes of the Settlement, the Court appoints Daniel S. Robinson, Robinson Calcagnie, Inc., and Evan C. Borges, Greenberg Gross LLP, as Class Counsel to act on behalf of the Class and the Class Representatives with respect to the Settlement.  The Court authorizes Class Counsel to enter into the Stipulation on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

5.       The firm of KCC, LLC is appointed as Claims Administrator to administer the notice procedure and the processing of claims, under the supervision of Class Counsel.

6.       Having reviewed the proposed form of Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon ("Notice"), the proposed form of Proof of Claim and Release ("Claim Form"), and the proposed Request For Exclusion submitted by the Parties as Exhibits A-1, A-2, and A-3 to the Stipulation, respectively, the Court approves, as to form and content, such Notice, Claim Form, and Request For Exclusion.

7.       The Court directs that the Claims Administrator cause a copy of the Notice to be mailed to all members of the Class who can be identified by Defendants through their records.  The mailing is to be made by first class United States mail, postage prepaid, within fourteen (14) calendar days of entry of this Order.  Contemporaneously with the mailing, the Claims Administrator shall cause

copies of the Stipulation, Notice, Claim Form, and Request For Exclusion, in forms available for download, to be posted on a website developed for the Settlement.

8.     The Court finds and determines that (a) mailing of the Notice, and (b) provision of the Claim Form and Request For Exclusion on the website for the Settlement, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

9.     Any person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such person who desires to request exclusion from the Class must submit a fully-completed and executed Request For Exclusion.  Such Request For Exclusion must be mailed to the Claims Administrator such that it is postmarked at least twenty-one (21) calendar days prior to the Fairness Hearing.  All persons and entities who submit valid and timely Requests For Exclusion as set forth in this Order and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any final judgment entered in this Action.

10.     A hearing will be held by this Court in the Courtroom of The Honorable Fernando M. Olguin, United States District Court for the Central District of California, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, California 90012 at _____ __.m. on _____, 2018 ("Fairness Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether the Final Judgment Order should be entered in substance materially the same as Exhibit B to the Stipulation; (c) whether the proposed Plan Of Distribution submitted as Exhibit A-4 to the

Stipulation ("Plan Of Distribution") should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application of Class Counsel for an award of attorneys' fees, Litigation Expenses, and Class Representative service awards ("Fee and Expense Application"); and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  The Fairness Hearing is subject to continuation or adjournment by the Court without further notice to the Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

11.    At least seven (7) calendar days prior to the Fairness Hearing, Class Counsel shall cause an affidavit or declaration to be filed with the Court certifying that the Notice has been provided, as directed in ¶¶6 and 7 of this Order.

12.    Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If a Class Member does not enter an appearance, they will be represented by Class Counsel.

13.    Any Class Member who wishes to object to the Settlement, the Plan Of Distribution, and/or the Fee and Expense Application, or to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Plan Of Distribution should not be approved, or why the Fee and Expense Application should not be granted, may do so, but must proceed as set forth in this paragraph.  No Class Member or other person will be heard on such matters unless they have submitted the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, at least twenty-one (21) calendar days prior to the Fairness Hearing as set forth in the Notice.  Any objection: (a) must state the name, address and telephone number of the person objecting and, if not filed by counsel, be signed by the objector; (b) must contain the specific reasons

for each objection, including any legal and evidentiary support that the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class.  An objecting Class Member who intends to appear in person at the Fairness Hearing must include a statement in their objection indicating their intention to appear at the Fairness Hearing.

14.     Any Class Member who does not make their objections in the manner and by the date set forth in ¶13 of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

15.     All Class Members shall be entitled to share in the Settlement Fund. Any Class Member who believes that the Amount of his or her claim shown in the Notice is inaccurate may submit a Claim Form seeking a different amount.  Such Class Member must: (a) fully complete and sign the Claim Form without material deletions or modifications of any printed text, and under penalty of perjury; (b) append to the Claim Form adequate supporting documentation for the transactions reported on the Claim Form, in the form of a HUD-1 Settlement Statement, Closing Disclosure form, or comparable document(s) containing the transactional information found in a HUD-1 Settlement Statement or Closing Disclosure form; (c) if the person executing the Claim Form is acting in a representative capacity, append a certification of his or her current authority to act on behalf of the Class Member; and (d) submit the Claim Form to the Claims Administrator so that it is postmarked, or submitted electronically, no later than ninety (90) calendar days from the date Notice was mailed.  Any Class Member who does not submit a timely Claim Form in accordance with these instructions shall be barred from contesting the amount of his or her Final Allowed Claim.  The Claims Administrator, in consultation with Class Counsel and Defendants' counsel, shall have the discretion, but not the obligation, to accept late-submitted Claim Forms for processing by the Claims Administrator, so long as distribution of the Net

Settlement Fund to Class Members is not materially delayed thereby.  No person shall have any claim against the Claims Administrator, Class Counsel, or Defendants' counsel, by reason of the decision to exercise discretion whether to accept late-submitted Claim Forms.

16.    Upon the entry of the Court's order for final judgment after the Fairness Hearing, the Class Representatives and all Class Members shall be permanently enjoined and barred from asserting any claims (except through the Claim Form procedures) against Defendants and Defendants' Releasees arising from Released Plaintiffs' Claims, and the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Plaintiffs' Claims.

17.    Upon the Effective Date of the final judgment contemplated by ¶IV(C) of the Stipulation, only persons who are Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Stipulation.

18.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Stipulation or further order of the Court.

19.    All opening briefs and supporting documents in support of a request for final approval of the Settlement, the Plan Of Distribution, and the Fee and Expense Application, must be filed and served at least thirty-five (35) calendar days prior to the Fairness Hearing.  Any reply papers must be filed and served no later than seven (7) calendar days prior to the Fairness Hearing.

20.    The Court reserves the right to adjourn or continue the Fairness Hearing, and any adjournment or continuance may be without further notice of any kind to the Class, other than oral announcement at the Fairness Hearing or at any later hearing.

Date: _____, 2017.

_____
Fernando M. Olguin
United States District Judge

ORDER PRELIMINARILY APPROVING SETTLEMENT

# EXHIBIT A-1

<u>**EXHIBIT A-1**</u>

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

# If you closed on a mortgage loan originated by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or any of their affiliates and paid title-, escrow-, or closing-related charges to Title Resource Group LLC or any of its affiliates, you could get a payment from a class action settlement.

*A federal court has authorized this Notice.  This is <u>not</u> a solicitation from a lawyer. Please read this Notice carefully and completely.*

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

- A proposed Settlement has been reached in a class action lawsuit concerning whether borrowers who obtained a mortgage loan from PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or their affiliates (including loans where PHH Mortgage Corporation provided origination services for its Private Label Solutions Partners) on or after November 25, 2014 and on or before November 25, 2015 (the "Class Period") were improperly referred for title-, escrow-, or closing-related services from Title Resource Group LLC or its affiliates in exchange for things of value.

- You are receiving this Notice because Defendants' records indicate that you may be included in this Settlement as a "Class Member" because you may have paid for these title-, escrow-, or closing-related services.  Based upon Defendants' records, the amount of title-, escrow-, and closing- related charges that you paid, if any, is listed on page [ ].

- Your legal rights will be affected whether you act or do not act.  Therefore, you should read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you choose to do nothing you will remain in the Settlement and receive a Settlement payment.  However, you will give up your rights to be part of any other lawsuit or legal proceeding against the Defendants or Defendants' Releasees about the claims made in this case and released by the Amended Stipulation of Settlement. |
| **SUBMIT A CLAIM FORM DUE DATE: _____ __, 2018** | If you disagree with the amount listed on page [ ] and can show you paid a different amount of title-,escrow-, and closing- related charges to Title Resource Group LLC or any of its affiliates in a transaction covered by the Settlement, you may submit a Claim Form for that amount. |
| **EXCLUDE YOURSELF DUE DATE: _____ __, 2018** | Remove yourself from the Settlement.  Get no payment from it.  This is the only option that allows you to be part of any other lawsuit or legal proceeding against the Defendants or Defendants' Releasees about the claims made in this case and released by the Amended Stipulation of Settlement. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |

QUESTIONS? GO TO [WEBSITE] OR CALL [TOLL-FREE NUMBER]

| DUE DATE: ____ __, 2018 | |
|---|---|
| **GO TO A HEARING ON ____ __, 2018** | Speak in Court about the fairness of the Settlement. |

## BASIC INFORMATION

**1.      Why did I get this Notice?**

A federal court authorized this because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement.  This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Hon. Fernando M. Olguin of the United States District Court for the Central District of California, Southern Division is overseeing this class action.  The case is known as *Dodge, et al. v. PHH Corporation, et al.*, Case No. 8:15-cv-01973-FMO-AFM (the "Action").  The people who filed this lawsuit are called the "Plaintiffs" and the companies they sued, PHH Corporation, PHH Mortgage Corporation, PHH Broker Partner Corporation (together the "PHH Defendants"), PHH Home Loans, LLC, RMR Financial, LLC, NE Moves Mortgage LLC (together the "PHH Home Loans Defendants"), Realogy Group LLC, Realogy Holdings Corp., Realogy Intermediate Holdings LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, Realogy Services Group LLC, and Realogy Services Venture Partner LLC (together the "Realogy Defendants"), are all called the "Defendants."

**2.      What is this lawsuit about?**

The Plaintiffs claimed that borrowers who closed on a mortgage loan with the PHH Defendants or the PHH Home Loans Defendants during the Class Period were improperly referred for title-, escrow-, and closing-related services to Title Resource Group LLC or its affiliates (who are among the Realogy Defendants) in exchange for certain things of value and that this practice violated a federal statute called the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, *et seq.*

The Defendants deny these and all other claims made in the Action.  By entering into the Settlement, the Defendants are not admitting that they did anything wrong.

**3.      Why is this a class action?**

In a class action, one or more people, called the Class Representatives (in this case Neil Dodge, Sheri Dodge, Ram Agrawal, and Sarita Agrawal), sue on behalf of all people who have similar claims. Together all of these people are called a Class or Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

**4.      Why is there a Settlement?**

The Class Representatives and the Defendants do not agree about the claims made in this Action.  The Action has not gone to trial and the Court has not decided in favor of either the Class Representatives or the Defendants.  Instead, the Class Representatives and the Defendants have agreed to settle the Action. The Class Representatives and their lawyers believe the Settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants.

# WHO IS INCLUDED IN THE SETTLEMENT

**5.     How do I know if I am part of the Settlement?**

If you received this Notice in the mail, you are a Class Member.  Specifically, you are included in the Class as a "Class Member" if on or after November 25, 2014 and on or before November 25, 2015, you (1) closed on a mortgage loan originated by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or any of their affiliates (including loans where PHH Mortgage Corporation provided origination services on behalf of any PLS Partners), and (2) paid title-, escrow-, or closing-related charges in connection with that mortgage loan to Title Resource Group LLC or any of its affiliates.

| Affiliates of (1) PHH Corporation, (2) PHH Mortgage Corporation, and (3) PHH Home Loans LLC; and PLS Partners | | |
|---|---|---|
| Axiom Financial/Axiom Financial LLC | Axiom Residential Lending | Banco Popular North America |
| Bank of America, N.A. | Burnet Mortgage Services | Cartus Home Loans/Cartus Home Loans, LLC |
| Century 21 Mortgage/Century 21 Mortgage Corporation | Coldwell Banker Home Loans/Coldwell Banker Home Loans, LLC | Coldwell Banker Mortgage/Coldwell Banker Mortgage Corporation |
| Comerica Bank | ERA Home Loans/ERA Home Loans, LLC | ERA Mortgage/ERA Mortgage Corporation |
| First Capital | Goldman Sachs Bank USA | HSBC Bank USA, N.A. |
| Instamortgage.com/ Instamortgage.com Corporation | KeyBank National Association | Landover Mortgage, LLC |
| Long Island Mortgage Group, Inc. | Morgan Stanley Private Bank, National Association | Mortgage California |
| MortgageSave.com/ MortgageSave.com Corporation | NE Moves Mortgage, LLC | Northfield Bank |
| Pacific Access Mortgage, LLC | PHH Home Loans, LLC | PHH Home Mortgage LLC |
| PHH Mortgage Capital LLC | PHH Mortgage Corporation | Princeton Capital |
| RMR Financial, LLC | Rocky Mountain Mortgage Loans | Speedy Title & Appraisal Review Services LLC |
| Sunbelt Lending Services | TIAA-CREF Trust Company, FSB | UBS Bank USA |
| UBS AG, Tampa Branch | | |
| Affiliates of Title Resource Group LLC | | |
| Accredited Real Estate Academy | Guardian Title Agency, LLC | Riverbend Title Agency, LLC |
| American Title Company of Houston | Guardian Title Company | Riverbend Title, LLC |
| Bromac Title Services LLC | Horizon Settlement Services | Rocky Mountain Title |
| Burnet Title Holding LLC | Independence Title Company | RT Title Agency, LLC |
| Burnet Title LLC | Keystone Closing Services LLC | Secured Land Transfers LLC |
| Burnet Title of Indiana, LLC | Keystone Title Services | Settlement Services of Pittsburgh |
| Burnet Title of Wisconsin | Keystone Transfer Services | Skyline TRG Title Agency |
| Century 21 Settlement Services | Lakecrest Relocation Services | St. Joe Title Services, LLC |
| Closing Works | Landmark Title | St. Mary's Title Services, LLC |
| Coldwell Banker New England Title | Landway Settlement Services | Sunbelt Title Agency |
| Coldwell Banker Settlement Services | Mardan Settlement Services | Terra Coastal Escrow, Inc. |
| Coldwell Banker Settlement Services of Pittsburgh | Market Street Commercial Title Company | Texas American Relocation Services |
| Coldwell Banker Settlement Services of Western Pennsylvania | Market Street Settlement | Texas American Title Company |
| Commercial Title Resource Group | Market Street Settlement Group, LLC | The Masiello Group Closing Services, LLC |
| Convenient Closing Services | MASettlement | Title Resource Group Agency |
| Cornerstone Title Company | Mercury Title, LLC | Title Resource Group LLC |
| Cypress Title Corporation | Metro Title, LLC | Title Resource Group of Minnesota |
| Equity Closing | Mid-Atlantic Settlement Services | Title Resource Group Settlement Services, LLC |
| Equity Closing Services Group | National Coordination Alliance | Title Resources Guaranty Company |
| Equity Title Company | National Coordination Alliance LLC | TRG Closing Services |
| Equity Title Messenger Service Holding LLC | NRT Settlement Services of Missouri, LLC | TRG Commercial |
| ERA Settlement Services | NRT Title Services of Maryland, LLC | TRG Services, Escrow, Inc. |
| First Advantage Title, LLC | Platinum Title | TRG Settlement Services, LLP |
| First California Escrow Corporation | Platinum Title & Settlement Services | TRG Title Agency |
| Florida Relocation Closing Services | Processing Solutions | TRG Vendor Management Company |
| Gateway Settlement Services | Progressive Title Company, Inc. | TRG/Title Resource Group Commercial |
| Great East Title Services | Quality Choice Title, LLC | U.S. REO |

| Great East Title Services of Maine | Residential Title | U.S. Title Guaranty Company of St. Charles |
| Great East Title Services of New Hampshire | Residential Title Agency | U.S. Title Guaranty Company |
| GT Agency LLC | Resource Settlement Group LLC | West Coast Escrow Company |

**6.     What does the Settlement provide?**

The Defendants will create a $17,000,000 Settlement Fund.  After deducting court-approved attorneys' fees, costs and expenses, service awards to the Class Representatives, taxes due on any interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses, the balance ("Net Settlement Fund") will be distributed to Class Members.

## THE SETTLEMENT BENEFITS

**7.     What can I get from the Settlement?**

Your share of the Net Settlement Fund will depend on, among other things: (i) the number of Class Members who exclude themselves from the Class; (ii) the amount of administrative costs, including the costs of notice; (iii) the amount awarded by the Court for attorneys' fees, costs and expenses, and service awards to the Class Representatives; and (iv) the results of Claim Forms submitted by Class Members who contest their payment amounts.

**8.     What will my Settlement payment be?**

Based on Defendants' records, the Claims Administrator and the Class Representatives estimate you might receive a payment between 15% and 20% of the Amount Paid that is listed below.

The Amount Paid listed below comes from Defendants' business records, and reflects the total amount of the fees shown either on Lines in the 1100 series of your HUD-1 Settlement Statement, or in the section of your Closing Disclosure form, corresponding to the title-, escrow-, and closing-related charges that you paid to Title Resource Group LLC or its affiliates at closing of your real estate transaction that is a subject of the Action.

        Amount Paid: $_____  (of which you might receive between 15% and 20% from the Settlement).

If you agree with the Amount Paid listed above, you don't need to do anything.

**9.     What if I disagree with the Amount Paid listed above?**

If you disagree that the Amount Paid listed above accurately reflects the total amount of title-, escrow-, and closing-related charges that you paid to Title Resource Group LLC or its affiliates at closing of your real estate transaction that is a subject of the Action, you may submit a Claim Form specifying what you believe to be the accurate Amount Paid.  Claim Forms are available at [WEBSITE] or by calling [TOLL-FREE NUMBER].  Be sure to follow the Claim Form's instructions, and submit all requested information and supporting documents.  The Claims Administrator will review your Claim Form and, based upon the information it contains, determine your final Settlement payment.  Claim Forms are due by **Month 00, 2018.**

**10.     How and when will I receive a Settlement payment?**

If the Court grants final approval of the Settlement, you will receive a Settlement payment in the form of a check.  The check will be mailed to the same address as this Notice or the address provided on your

Claim Form.  If you move before you receive your Settlement payment, you will need to notify the Claims Administrator in writing of your new address.

**11.     What am I giving up to get a Settlement payment or stay in the Class?**

If you are a Class Member and you do not exclude yourself, you are choosing to remain in the Class.  If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, continue to sue, or be part of any other lawsuit against Defendants and the Defendants' Releasees about the legal issues in this Action and released by the Amended Stipulation of Settlement.

The specific rights you are giving up are called Released Plaintiffs' Claims (see next Question).

The Defendants' Releasees are PHH Corporation, PHH Broker Partner Corp., PHH Mortgage Corporation, Realogy Intermediate Holdings LLC, Realogy Holdings Corp., Realogy Group LLC, Realogy Services Venture Partner LLC, Realogy Services Group LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, PHH Home Loans, LLC, RMR Financial, LLC, NE Moves Mortgage LLC, and the PLS Partners, all and each of them, and all and each of their respective past and present parents, subsidiaries, and affiliated corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, members, partners, representatives, attorneys, insurers, and assigns, in their capacities as such.

**12.     What are the Released Plaintiffs' Claims?**

The Released Plaintiffs' Claims are any and all claims, actions, causes of action, rights or liabilities, whether arising out of federal, state, foreign, or common law, including Unknown Claims, of any Class Member, which exist or may exist against any of the Defendants' Releasees by reason of any matter, event, cause or thing that were or could have been alleged: (a) based on the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act alleged in the Action, including all RESPA claims; and (b) related to the relationships among Defendants' Releasees alleged in Plaintiffs' Fourth Amended Complaint (Dkt. 115) and Settlement Services performed by, obtained by, or paid to any of Defendants' Releasees in the Class Members' real estate transactions that are the subjects of the Action.  "Settlement Services" has the meaning set forth in RESPA, 12 U.S.C. § 2602(3).  Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlement, any claims of any person or entity who submits a Request For Exclusion that is accepted by the Court, or any rights Class Members may have in In re PHH Lender Placed Insurance Litigation, No. 12-01117-NLH-KMW (D. N.J. Jan. 19, 2017).

Further detail and information about what you are agreeing to and giving up is detailed in the Stipulation of Settlement, which is available at [WEBSITE] or by calling [NUMBER].

## THE LAWYERS REPRESENTING YOU

**13.     Do I have a lawyer in this case?**

Yes, the Court has appointed Daniel S. Robinson, Robinson Calcagnie, Inc., and Evan C. Borges, Greenberg Gross LLP, as Class Counsel to represent Class Members for the purposes of this Settlement.  You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

**14.     How will the lawyers be paid?**

Class Counsel will file a motion asking the Court to award them attorneys' fees of up to $5,100,000 and for reimbursement of costs and expenses of up to $50,000.  They will also ask the Court to approve $2,500 service awards ($10,000 total) to the Class Representatives.  If awarded, these amounts will be deducted from the Settlement Fund before making payments to Class Members.  The Court may award less than these amounts.  Any amounts awarded by the Court will come out of the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**15.     How do I get out of the Settlement?**

If you are a Class Member and want to keep any right you may have to sue or continue to sue the Defendants or the Defendants' Releasees on your own based on the claims raised in this Action or released by the Released Plaintiffs' Claims, then you must take steps to get out of the Settlement.  This is called excluding yourself from – or "opting out" of – the Settlement.

To exclude yourself from the Settlement, you must fully complete and sign a Request For Exclusion.  A Request For Exclusion form is available at [WEBSITE] or by calling [NUMBER].  Mail your Request For Exclusion to the Claims Administrator at the address below, postmarked no later than _____ __, 2018:

[ADDRESS]

You cannot exclude yourself by telephone or by e-mail.

**16.     If I exclude myself, can I still get a Settlement payment?**

No.  If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement.  You can only get a payment if you stay in the Settlement and submit a valid Claim Form, if necessary.

**17.     If I do not exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants or the Defendants' Releasees for the claims that this Settlement resolves.  You must exclude yourself from this Action to start or continue with your own lawsuit or be part of any other lawsuit against Defendants or the Defendants' Releasees.  If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECTING TO THE SETTLEMENT

**18.     How do I tell the Court that I do not like the Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with all or any part of the Settlement.  You can give reasons why you think the Court should not approve the Settlement.  To object, you must mail a letter stating that you object to the Settlement in *Dodge, et al. v. PHH Corporation, et al.*, Case No. 8:15-cv-01973-FMO-AFM.  Be sure to include your name, address, telephone number, signature, a statement containing all of the reasons you object to the Settlement, and documents sufficient to prove your membership in the Class, including the property address and date of closing of any real estate transaction that you had during the Class Period.  You must also include copies of any documents you wish the Court to consider.  Mail the objection to the address listed below, postmarked by      __, 2018:

Clerk of the Court
United States District Court
Central District of California
350 West 1st Street
Los Angeles, CA 90012

**19.      What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement.  You can object only if you stay in the Class (that is, do not exclude yourself).  Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE COURT'S FAIRNESS HEARING

**20.      When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on _____, 2018 at ____ _.m. before The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, California 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement.  If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to award Class Counsel for attorneys' fees, costs and expenses, and whether to make service awards to the Class Representatives.

**21.      Do I have to come to the Fairness Hearing?**

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time the Court will consider it.

**22.      May I speak at the Fairness Hearing?**

Yes.  If you wish to attend and speak at the Fairness Hearing, you must indicate this in your written objection (see Question 18).  Your objection must state that it is your intention to appear at the Fairness Hearing, and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Fairness Hearing.  If you plan to have your attorney speak for you at the Fairness Hearing, your objection must also include your attorney's name, address, and phone number.

## IF YOU DO NOTHING

**23.      What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will receive a Settlement payment.  You will also give up rights explained in Questions 11 and 12, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the Defendants' Releasees about the legal issues in this Action and released by the Amended Stipulation of Settlement.

## GETTING MORE INFORMATION

**24.     How do I get more information?**

This Notice summarizes the proposed Settlement.  Complete details are provided in the Amended Stipulation of Settlement.  The Amended Stipulation of Settlement and other related documents are available at [WEBSITE] or by calling [TOLL-FREE NUMBER] or by writing to [Claims Administrator Address].  Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Central District of California or reviewing the Court's online docket.

If you have questions you may contact Class Counsel at [Class Counsel Contact Information].

**Please do not contact the Court regarding this notice.  The Court cannot answer any questions.**

# EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission:** _____

IF YOU CLOSED ON A RESIDENTIAL MORTGAGE LOAN ORIGINATED BY PHH CORPORATION, PHH MORTGAGE CORPORATION, PHH HOME LOANS, LLC, OR THEIR AFFILIATES (INCLUDING A PRIVATE LABEL SOLUTIONS PARTNER LOAN) ON OR AFTER NOVEMBER 25, 2014 AND ON OR BEFORE NOVEMBER 25, 2015 ("CLASS PERIOD"), AND PAID TITLE-, ESCROW-, OR CLOSING-RELATED CHARGES TO TITLE RESOURCE GROUP LLC OR ITS AFFILIATES, YOU ARE A "CLASS MEMBER" AND ARE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IN *SHERI DODGE, ET AL. V. PHH CORPORATION, ET AL.*, CASE NO. 8:15-CV-01973-FMO-AFM (U.S. DISTRICT COURT, C.D. CAL.).

THE NOTICE OF SETTLEMENT ("NOTICE") THAT YOU RECEIVED IN THE MAIL STATES AN AMOUNT THAT DEFENDANTS' RECORDS INDICATE YOU PAID TO TITLE RESOURCE GROUP LLC OR ITS AFFILIATES FOR SETTLEMENT SERVICES IN CONNECTION WITH YOUR REAL ESTATE TRANSACTION THAT IS SUBJECT TO THE SETTLEMENT.   IF YOU BELIEVE THAT THE AMOUNT IN THE NOTICE IS INACCURATE, AND YOU WISH TO MAKE A CLAIM BASED ON A DIFFERENT AMOUNT, THEN YOU MUST COMPLETE AND SUBMIT THIS FORM.  IF YOU ARE A CO-BORROWER ON THE MORTGAGE, YOU AND YOUR CO-BORROWER(S) HAVE ONLY ONE CLAIM.

IF YOU SUBMIT THIS FORM ("CLAIM FORM"), YOU MUST COMPLETE IT AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

[TO COME]

## I. CLAIMANT INFORMATION

| Full Name(s): | | |
|---|---|---|
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |

| Day Phone: | Evening Phone: |
|---|---|

| Email: |
|---|

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

## II.     CLAIM INFORMATION

You must answer each of the following questions:

1.  Did you close on a residential mortgage loan originated by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or their affiliates during the time period on or after November 25, 2014 and on or before November 25, 2015?

    Yes_____                              No_____

2.  What is the total amount you paid to Title Resource Group LLC or any of its affiliates for title-, escrow-, or closing-related services in connection with that loan closing?

    $_____

3.  Please attach a copy of your HUD-1 Settlement Statement or Closing Disclosure
    Or
    Provide the following information about the transaction:

    Property address: _____
                         (Street address, city, county, state, zip code)

    Date of purchase (closing date):_____

    **Failure to completely fill out this Claim Form and/or provide supporting documentation will result in the denial of this Claim by the Claims Administrator.**

## III.    CLAIMANT'S STATEMENT

1.  By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon (the "Notice"), or am (are) acting for such person(s); that I am (we are) not excluded from the Class; that I (we) have read and

understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice, in an amount that is to be determined proportionally based upon the amount stated above; and that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a Request For Exclusion.  (If you are acting in a representative capacity on behalf of a Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

2. I (we) have not submitted any other Claim Form covering the same transaction(s), and know of no other person or entity having done so on my(our) behalf.

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form.

4. I (we) have set forth where requested all relevant information with respect to my (our) closing of a mortgage loan(s) originated by PHH Corporation, PHH Mortgage Corporation, PHH Homes Loans, LLC, or their affiliates (including PLS Partner loans) during the Class Period, for which I (we) paid title-, escrow-, or closing-related charges to Title Resource Group LLC or its affiliates.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. In some instances, the Court or the Claims Administrator may condition acceptance of the Claim Form based upon the production of additional information.

6. Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that on behalf of ourselves, and our respective heirs, administrators, predecessors, successors, assigns, and insurers, in their capacities as such (or if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, an estate, or one or more other persons, on behalf of it, him, her, or them, and its, his, hers, or their respective heirs, executors, administrators, predecessors, successors, assigns, and insurers), I (we) have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged PHH Corporation, PHH Broker Partner Corp., PHH Mortgage Corp., Realogy Intermediate Holdings LLC, Realogy Holdings Corp., Realogy Group LLC, Realogy Services Venture Partner LLC, Realogy Services Group LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, PHH Home Loans, LLC, RMR Financial, LLC, and NE Moves Mortgage LLC, all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, members, partners, representatives, attorneys, insurers and assigns, in their capacities as such (collectively the "Defendants' Releasees"), from any and all claims, actions, causes of action, rights or liabilities, whether arising out of

-3-

federal, state, foreign, or common law, including Unknown Claims, which exist or may exist against any of Defendants' Releasees by reason of any matter, event, cause or thing that were or could have been alleged: (a) based on the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act alleged in the Action, including all RESPA claims; and (b) related to the relationships among Defendants' Releasees alleged in Plaintiffs' Fourth Amended Complaint (Dkt. 115) and Settlement Services performed by, obtained by, or paid to any of Defendants' Releasees in my (our) real estate transaction(s) that is/are the subject of the Action.  This release does not affect any rights I (we) might have in *In re PHH Lender Placed Insurance Litigation,* No. 12-01117-NLH-KMW (D.N.J. Jan. 19, 2017).

7. I(we) warrant and represent that I(we) have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any part or portion thereof.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 1 under Claimant's Statement)

Date: _____

# EXHIBIT A-3

**EXHIBIT A-3**

## REQUEST FOR EXCLUSION

**Deadline for Submission:** _____

IF YOU CLOSED ON A RESIDENTIAL MORTGAGE LOAN ORIGINATED BY PHH CORPORATION, PHH MORTGAGE CORPORATION, PHH HOME LOANS, LLC, OR THEIR AFFILIATES (INCLUDING A PRIVATE LABEL SOLUTIONS PARTNER LOAN) ON OR AFTER NOVEMBER 25, 2014 AND ON OR BEFORE NOVEMBER 25, 2015 ("CLASS PERIOD"), AND PAID TITLE-, ESCROW-, OR CLOSING-RELATED CHARGES TO TITLE RESOURCE GROUP LLC OR ITS AFFILIATES, YOU ARE A "CLASS MEMBER" AND ARE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IN *SHERI DODGE, ET AL. V. PHH CORPORATION, ET AL.*, CASE NO. 8:15-CV-01973-FMO-AFM (U.S. DISTRICT COURT, C.D. CAL.).

IF YOU DO NOT WISH TO BE A CLASS MEMBER OR TO SHARE IN THE SETTLEMENT PROCEEDS, YOU MAY REQUEST EXCLUSION FROM THE CLASS. IF YOU ARE A CO-BORROWER ON THE MORTGAGE, BOTH YOU AND YOUR CO-BORROWER MUST SIGN THIS REQUEST FOR EXCLUSION FOR YOU TO BE EXCLUDED FROM THE CLASS.

TO REQUEST EXCLUSION FROM THE CLASS, YOU MUST COMPLETE AND SIGN THIS FORM ("REQUEST FOR EXCLUSION"), AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO KCC, LLC, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

KCC, LLC

## I.     YOUR INFORMATION

| Full Name(s): | | |
|---|---|---|
| | | |
| Address: | | |
| | | |
| City: | State: | Zip: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |

## II.      YOUR TRANSACTION INFORMATION

Provide the following information about the transaction in which you closed on a mortgage loan originated by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or their affiliates (including loans where PHH Mortgage Corporation provided origination services on behalf of any of the PLS Partners) during the Class Period, and paid title-, escrow-, or closing-related charges to Title Resource Group LLC or its affiliates:

| | | |
|---|---|---|
| Property Address: | | |
| | | |
| City: | State: | Zip: |
| Date of Purchase (closing date): | | |

## III.     YOUR STATEMENT

1. By submitting this Request For Exclusion, I (we) hereby request to be excluded from the Class in the action *Dodge, et al. v. PHH Corporation, et al.,* Case No. 8:15-cv-01973-FMO-AFM, United States District Court for the Central District of California.

2. I (we) understand that the information contained in this Request For Exclusion is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.

Your Signature  (If this claim is being made
on behalf of Co-Borrowers, then both must sign):

_____
(Signature)

_____
(Co-Borrower Signature, if applicable)

_____
(Capacity of person(s) signing, e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)

Date: _____

US.112707839.06

# EXHIBIT A-4

## PLAN OF DISTRIBUTION

***Dodge, et al. v. PHH Corporation, et al.***, Case No. 8:15-cv- 01973
**(U.S. District Court, C.D. Cal.)**

1.      Each Class Member[1] shall have an Amount Paid that is based on the amount that he or she paid for title-, escrow-, and closing-related Settlement Services from Title Resource Group LLC ("TRG") or its affiliates.  The Parties have collected information from Defendants' business records about the amounts paid by Class Members for title-, escrow-, and closing-related Settlement Services, as reflected either in the Lines in the 1100 series of the Class Member's HUD-1 Settlement Statement or in the section of the Closing Disclosure form corresponding to the title-, escrow-, and closing-related charges paid by the Class Member.  The Amount Paid shall be determined from the amounts shown in these records.  Every Class Member shall have the right to submit a Claim Form and sufficient documentation demonstrating that the title-, escrow-, and closing-related charges he or she actually paid TRG and its affiliates at closing are, in fact, different than the amount of his or her Amount Paid, in which case such demonstrated amount shall become the Class Member's Final Allowed Claim.  Such Claim Forms must be postmarked or submitted electronically by a date set by the Court that is no later than ninety (90) calendar days after the mailing of the Notice (the "Bar Date"), signed under penalty of perjury, and supported by such documents as are specified in the Claim Form and as are reasonably available to such person.  For every Class Member who does not submit a Claim Form and sufficient documentation demonstrating an amount of title-, escrow-, and closing-related charges he or she paid

---

[1] This Plan Of Distribution incorporates by reference the definitions in the Amended Stipulation of Settlement (the "Stipulation") dated as of November __, 2017, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

1

TRG and its affiliates at closing that is different than the Class Member's Amount Paid, such Class Member's Amount Paid shall become his or her Final Allowed Claim.

2.      After the Bar Date, the Claims Administrator will determine each Class Member's Final Allowed Claim.  The Claims Administrator will then add together all Final Allowed Claims to calculate the Aggregate Final Allowed Claims amount.  Each Class Member will be entitled to receive a portion of the Net Settlement Fund that represents the same percentage of the Net Settlement Fund as the Class Member's Final Allowed Claim represents as a percentage of the Aggregate Final Allowed Claims ("Distribution 1").  Within 60 days of the Effective Date, the Claims Administrator shall disburse Distribution 1.

3.      To the extent any monies remain in the Net Settlement Fund more than 150 days after Distribution 1 ("Remaining Net Settlement Fund"), a subsequent Settlement Payment ("Distribution 2") will be made to Class Members who have cashed their Distribution 1 checks ("Distribution 2 Participants") so long as the average check amount (Remaining Net Settlement Fund divided by the number of Distribution 2 Participants) is equal to or greater than $20.00.  If the average check amount in a subsequent distribution would be less than $20.00, ¶IV(D)(17) of the Amended Stipulation of Settlement would apply concerning distribution of the Remaining Net Settlement Fund to the designated *cy pres* recipient.  The Distribution 2 check amount for each Distribution 2 Participant will be calculated by dividing the amount of each respective Distribution 1 check by the total amount of all Distribution 1 checks cashed (generating each Distribution 2 Participant's individual percentage of Distribution 1 checks cashed), and multiplying each Distribution 2 Participant's individual percentage against the Remaining Net Settlement Funds.  The process described above shall be repeated for subsequent distribution rounds until the average check amount in a distribution round would be less than $20.00.

4.      The Claims Administrator will make reasonable and diligent efforts to have Class Members cash their distribution checks.  All distribution checks shall be valid for

2

120 days after the date(s) of their issuance.  Absent a Class Member's demonstration of reasonable circumstances for excuse, any distribution checks not cashed within 120 days of issuance (based on the date of the check) will be voided.  Any Class Member who does not cash his or her distribution check within the aforementioned time period may petition the Claims Administrator within 30 days of the expiration of his or her uncashed check to reissue the check, and the Claims Administrator shall issue a new check so long as said Class Member is able to show reasonable circumstances to excuse his or her prior failure to cash the check.  Class Members are entitled to only one petition on this basis, and any distribution check reissued for such reasonable circumstances will expire within 30 days of being issued (based on the date of the check).  Class Members who do not timely cash their checks and fail to petition for a reissuance of the uncashed check will be considered as having waived any right to a cash payment under the Settlement.  In no event will a Class Member be permitted to cash a prior-round check once the Claims Administrator has issued checks during a subsequent round, or the value of uncashed checks has been paid to a *cy pres* organization (pursuant to ¶IV(D)(17) of the Amended Stipulation of Settlement).   The Parties agree that the proposed *cy pres* recipient is Consumer Watchdog, a non-profit group that advocates for taxpayer and consumer interests.

5.    For any distribution checks returned to the Claims Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Claims Administrator will make reasonable efforts to find a valid address and resend the distribution check within thirty (30) days after the check is returned to the Claims Administrator as undeliverable.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SHERI DODGE and NEIL DODGE, and RAM AGRAWAL and SARITA AGRAWAL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH CORPORATION, a Maryland corporation; REALOGY HOLDINGS CORP., a Delaware corporation; PHH MORTGAGE CORPORATION, a New Jersey corporation; PHH HOME LOANS LLC, a Delaware limited liability company; RMR FINANCIAL, LLC, a California limited liability company; NE MOVES MORTGAGE LLC, a Massachusetts limited liability company; PHH BROKER PARTNER CORPORATION, a Maryland corporation; REALOGY GROUP LLC, a Delaware limited liability company; REALOGY INTERMEDIATE HOLDINGS LLC, a Delaware limited liability company; TITLE RESOURCE GROUP LLC, a Delaware limited liability company; WEST COAST ESCROW COMPANY, a California corporation; TRG SERVICES ESCROW, INC., a Delaware corporation; EQUITY TITLE COMPANY, a California corporation; NRT LLC, a Delaware limited liability company; REALOGY SERVICES GROUP LLC, a Delaware limited liability company; REALOGY SERVICES VENTURE PARTNER LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 8:15-CV-01973-FMO-AFM<br><br><br>**ORDER FOR FINAL JUDGMENT** |

# **ORDER FOR FINAL JUDGMENT**

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into an Amended Stipulation of Settlement dated as of November 2, 2017 (the "Stipulation" or "Settlement"); and

**WHEREAS**, on _____, 2017, the Court entered an Order Preliminarily Approving Settlement, which, inter alia;  (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of borrowers who, on or after November 25, 2014 and on or before November 25, 2015, closed on any mortgage loan originated by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, or their affiliates (including loans where PHH Mortgage Corporation provided origination services on behalf of any of the PLS Partners), and paid title-, escrow-, or closing-related charges in connection with that mortgage loan to Title Resource Group LLC or its affiliates, excluding borrowers who submitted valid and timely Requests For Exclusion pursuant to the Notice ordered by the Court ("Class"); (iii) appointed Neil Dodge, Sheri Dodge, Ram Agrawal, and Sarita Agrawal as Class Representatives; (iv) appointed Daniel S. Robinson, Robinson Calcagnie, Inc., and Evan C. Borges, Greenberg Gross LLP, as Class Counsel; (v) approved the form and manner of notice of the Settlement to members of the Class ("Class Members"); (vi) directed that appropriate notice of the Settlement be given to the Class; and (vii) set a hearing date to consider final approval of the Settlement; and

**WHEREAS**, notice of the Settlement was provided to Class Members in accordance with the Court's Preliminary Approval Order by individual mailed Notice to all Class Members who could be reasonably identified by Defendants through their records; and

**WHEREAS**, a notice of Settlement was mailed to government officials as described in 28 U.S.C. § 1715; and

**WHEREAS**, on _____, 2018, at _____ _.m., at the United States District Court for the Central District of California, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, California 90012, The Honorable Fernando M. Olguin held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Class ("Fairness Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

B.     This Order incorporates the definitions in the Stipulation, and all terms used in the Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C.     The Notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice.  The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D.     The notice to government officials, as given, complied with 28 U.S.C. § 1715.

E.     The Settlement set forth in the Stipulation (i) is in all respects fair, reasonable, and adequate to the Class, (ii) was the product of informed, arms'-

length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendants to adequately evaluate and consider their positions.

F.    The Plan Of Distribution proposed by the Parties is fair, reasonable, and adequate.

G.    The Class Representatives have fairly and adequately represented the interests of Class Members in connection with the Settlement.

H.    The persons and entities who have timely and validly filed Requests For Exclusion from the Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

I.    The Class Representatives and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.    The Settlement set forth in the Amended Stipulation of Settlement is fair, reasonable and adequate to the Class.  Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Stipulation.

2.    All Parties to this Action, and all Class Members, are bound by the Settlement as set forth in the Stipulation and this Order.  Excluded Persons identified in Exhibit 1 are no longer parties to this Action and are not bound by the Stipulation or the Settlement.

3.    The appointment of Neil Dodge, Sheri Dodge, Ram Agrawal, and Sarita Agrawal as Class Representatives is affirmed.

4.    The appointment of Daniel S. Robinson, Robinson Calcagnie, Inc., and Evan C. Borges, Greenberg Gross LLP, as Class Counsel is affirmed.

US.112662407.09

4

5.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

6.     The Class Representatives and all Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, and insurers, in their capacities as such, are hereby conclusively deemed to fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged Defendants PHH Corporation, PHH Broker Partner Corp., PHH Mortgage Corp., Realogy Intermediate Holdings LLC, Realogy Holdings Corp., Realogy Group LLC, Realogy Services Venture Partner LLC, Realogy Services Group LLC, Title Resource Group LLC, West Coast Escrow Company, TRG Services Escrow, Inc., Equity Title Company, NRT LLC, PHH Home Loans, LLC, RMR Financial, LLC, NE Moves Mortgage LLC, and the PLS Partners, all and each of them, and all and each of their respective past and present parents, subsidiaries, and affiliated corporations, limited liability companies, partnerships, and other entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, members, partners, representatives, attorneys, insurers, and assigns, in their capacities as such (collectively the "Defendants' Releasees"), from any and all claims, actions causes of action, rights or liabilities, whether arising out of federal, state, foreign, or common law, including Unknown Claims, which exist or may exist against any of Defendants' Releasees by reason of any matter, event, cause or thing that were or could have been alleged: (a) based on the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act alleged in the Action, including all RESPA claims; and (b) related to the relationships among Defendants' Releasees alleged in Plaintiffs' Fourth Amended Complaint (Dkt. 115) and Settlement Services performed by, obtained by, or paid to any of Defendants' Releasees in the Class Members' real

estate transactions that are the subjects of the Action (all of the above are
"Released Plaintiffs' Claims").  This release does not affect any rights Class
Members might have in *In re PHH Lender Placed Insurance Litigation,* No. 12-
01117-NLH-KMW (D.N.J. Jan.19, 2017).

7.    The Class Representatives and all Class Members are hereby barred
and permanently enjoined from instituting, asserting or prosecuting any or all of
the Released Plaintiffs' Claims against any of the Defendants' Releasees.

8.    The Plan Of Distribution of the Net Settlement Fund as described in
the Notice to Class Members is hereby approved, subject to modification by further
order of this Court, which may, at the discretion of the Court, be entered without
further notice to the Class.  Any order or proceedings relating to the Plan Of
Distribution or amendments thereto shall not operate to terminate or cancel the
Stipulation or affect the finality of this Order approving the Settlement.

9.    The Court hereby decrees that neither the Stipulation nor this Order
nor the fact of the Settlement is an admission or concession by Defendants or
Defendants' Releasees of any fault, wrongdoing or liability whatsoever, or as an
admission of the appropriateness of class certification for trial or dispositive
motion practice.  This Order is not a finding of the validity or invalidity of any of
the claims asserted or defenses raised in the Action.  Nothing relating to the
Settlement shall be offered or received in evidence as an admission, concession,
presumption or inference against Defendants or Defendants' Releasees in any
proceeding, other than such proceedings as may be necessary to consummate or
enforce the Stipulation or to support a defense based on principles of res judicata,
collateral estoppel, release, good faith settlement, judgment bar or reduction, or
any other theory of claim preclusion or issue preclusion or similar defense.

10.   Class Counsel are awarded attorneys' fees in the amount of
$_____, and reimbursement of Litigation Expenses in the amount of
$_____, such amounts to be paid from out of the Settlement Fund in

US.112662407.09

6

accordance with the terms of the Stipulation.  Class Representatives are awarded service fees of $____ each, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Stipulation.

11.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Stipulation, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Stipulation and the Settlement.

12.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

13.     In the event that the judgment does not become Final in accordance with ¶IV(A)(16) of the Stipulation, then the final judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void.  In such event, the Action shall return to its status immediately prior to execution of the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: _____, 2018.

_____
Fernando M. Olguin
United States District Judge